397 So.2d 13 (1981)
W. J. BULLOCK, Plaintiff and Appellee,
v.
COMMERCIAL UNION INSURANCE COMPANY, Defendant and Appellant.
No. 8119.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1981.
Rehearing Denied April 27, 1981.
Brittain & Williams, Joseph Payne Williams, Natchitoches, for defendant-appellant.
Thomas & Dunahoe, Edwin Dunahoe, Natchitoches, for plaintiff-appellee.
Watson, Murchison, Crews, Arthur & Corkern, William P. Crews, Jr., Natchitoches, Gist, Methvin, Hughes & Munsterman, David A. Hughes, Alexandria, for defendant-appellee.
Before CULPEPPER, FORET and SWIFT, JJ.
CULPEPPER, Judge.
This suit arises out of an automobile accident occurring in Natchitoches, Louisiana. Plaintiff was proceeding east on a favored thoroughfare in the City of Natchitoches when his car was struck broadside by a *14 vehicle which had failed to stop at a stop sign. The driver of the vehicle, Luther Nelson, was not made a party defendant. Plaintiff sued Commercial Union Insurance Company, the liability insurer of the vehicle operated by Luther Nelson, and by supplemental and amending petition sued his own insurer, Southern Farm Bureau Casualty Insurance Company (Southern Farm Bureau) under the uninsured motorist provision of the policy. Southern Farm Bureau brought a third party demand against the driver of the vehicle, Luther Nelson, seeking indemnification should it be cast in judgment.
Prior to trial, Commercial Union, Nelson's liability insurer, settled with plaintiff for $5,556. The trial court found Nelson's negligence to be the sole cause of the accident. Plaintiff was awarded $30,000 in general damages and $6,040.18 in special damages against the defendant, Southern Farm Bureau, uninsured motorist insurer of plaintiff's vehicle. Southern Farm Bureau's third party demand against Luther Nelson was dismissed. From this judgment, Southern Farm Bureau appeals.
On appeal, Southern Farm Bureau does not question the finding that Nelson's negligence was the sole cause of the accident. The issues raised by Southern Farm are: (1) Did the trial court err in finding that the driver, Luther Nelson, was an uninsured motorist? (2) In the alternative, were the damages awarded excessive?
Southern Farm Bureau's principal argument is that plaintiff failed to prove the offending driver was either uninsured or underinsured at the time of the accident under the provisions of LSA-R.S. 22:1406 D(2)(b).
In an uninsured motorist claim, plaintiff has the burden of proof that the owner or operator of the vehicle was uninsured or underinsured at the time of the accident. Prima facie proof of a driver's uninsured motorist status may be established by the introduction of sworn notarized affidavits or other documents as provided by LSA-R.S. 22:1406 D(6). No such affidavits or documents were filed in the present case.
Proof may also be sustained by other evidence showing that the offending driver was uninsured. Campbell v. American Home Assurance Company, 260 La. 1047, 258 So.2d 81 (1972); Launey v. Thomas, 379 So.2d 27 (La.App. 3rd Cir. 1979); writ refused, 381 So.2d 1233 (La.1980); Beck v. Allstate Insurance Co., 359 So.2d 1327 (La. App. 4th Cir. 1978). During the trial, Luther Nelson, the offending driver, testified he did not have any automobile liability insurance in effect at the time of the accident on December 14, 1978, and that actually he had not carried such insurance for four or five years. He testified further that at the time of the accident he was driving an automobile owned by his brother, Carrie Nelson, and that Carrie Nelson did have automobile liability insurance on the vehicle involved in the collision. However, the name of this liability insurer or the extent of coverage under the policy is not shown by any evidence in the case.
As stated above, plaintiff originally filed this suit against Commercial Union Insurance Company, alleging that it was the liability insurer of the offending driver at the time of the accident. Commercial Union filed exceptions and an answer to which it attached copies of its liability insurance policy, and it admits in these pleadings that its liability coverage is the sum of $5,000 per person. However, as stated above, Commercial Union settled with the plaintiff prior to trial for the sum of $5,556, and this suit was dismissed as against Commercial Union. The Commercial Union policy is in the record, but it was never introduced into evidence by stipulation or otherwise.
Since plaintiff has failed to sustain his burden of proving that Luther Nelson, the offending driver, was either uninsured or underinsured at the time of the accident, the judgment of the trial court against Southern Farm Bureau Casualty Insurance Company, as excess insurer under the uninsured motorist provisions of its policy, must be reversed.
During oral arguments in our court, plaintiff was given additional time after *15 submission of the case within which to take any action he desired in an attempt to furnish proof that the offending driver was uninsured or underinsured. Pursuant to this, plaintiff has filed a pleading entitled "Motion to Supplement Record". He prays for an order that the record be supplemented by admitting into evidence in this Court of Appeal the policy of liability insurance issued to Carrie Nelson by Commercial Union Insurance Company, said policy having limits of $5,000 per person and $10,000 per accident. This motion must be denied.
LSA-C.C.P. Article 2132 permits the correction of the record, even after the record is transmitted to the appellate court, by stipulation of the parties, by the trial court or by order of the appellate court. However, this permits the correction of evidence, or the furnishing of omitted evidence, which was actually introduced at the trial. It does not permit the introduction of new evidence after the transcript of appeal is filed in the appellate court. The Court of Appeal has only appellate jurisdiction and supervisory jurisdiction over cases in which an appeal would lie to it. LSA-La.Const. 1974, Article 5, Section 10. The Court of Appeal has no jurisdiction to receive new evidence. See Barber v. Testa, 331 So.2d 139 (La.App. 3rd Cir. 1976).
Although we have concluded the judgment appealed must be reversed, we find this case is appropriate for the exercise of our discretion to remand the case in the interest of justice, LSA-C.C.P. Article 2164. We will remand for the limited purpose of permitting plaintiff to attempt to prove that the offending driver, Luther Nelson, was either uninsured or underinsured at the time of the accident. If plaintiff successfully meets this burden of proof, the trial judge may render any appropriate judgment.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that this case be remanded to the district court for the limited purpose of permitting the plaintiff to prove that the offending driver, Luther Nelson, was either uninsured or underinsured at the time of the accident, following which the district court may enter any appropriate judgment in accordance with law and the views expressed herein. All costs of this appeal are assessed against the plaintiff-appellee. Assessment of costs in the trial court must await a final judgment there.
REVERSED AND REMANDED.
FORET, J., concurs in result with written reasons.
FORET, Judge, concurring.
The main issue discussed by the majority is whether or not plaintiff proved the underinsured status of the tortfeasor driver, to such a degree that plaintiff can recover under the underinsured motorists provisions of his own insurance policy, which was issued by Southern Farm Bureau. The trial court rendered judgment in favor of the plaintiff.
On appeal, and only on appeal, Farm Bureau urges that plaintiff did not prove the underinsured status of the offending driver. The vehicle driven by the tortfeasor driver was covered by a 5/10 policy issued by Commercial Union Insurance Company. Commercial Union, however, settled with the plaintiff, and when the matter came to trial, was no longer a party to the suit. However, prior to the settlement by Commercial Union, Commercial Union's insurance policy was filed in the record in response to a court order obtained by the plaintiff. The policy is properly in the record before us, although the record does not show that plaintiff specifically moved to mark, identify, and introduce into evidence Commercial Union's insurance policy. Further, I might mention that in a peremptory exception filed by Commercial Union, it admits that it had issued a policy of public liability insurance, with limits of 5/10, covering the tortfeasor vehicle.
The majority proposes to reverse the trial court judgment and remand the case to the trial court solely to allow the plaintiff to properly introduce the insurance policy. I do not agree that the case should be reversed *16 and remanded. I believe that for this Court under C.C.P. Articles 2132 and 2164, not to take this policy into consideration, but rather to remand the matter to the trial court for a mere perfunctory introduction thereof into the record, is rather supertechnical. I believe that under Articles 2132 and 2164, we can and should consider this insurance policy and decide the case on the merits.
However, a dissent herein would cause a five-judge reargument, which would entail redocketing for argument, possibly a rewriting of the decision, possibility of an application for rehearing, the possible granting of same, application for writs, etc., all of which may very well require more additional delay than simply remanding to the trial court. Further, it is quite likely that the matter will be terminated finally at the trial level. In short, there may be as much delay in one course of action as with the other. Accordingly, it appears that no prejudice will come to the plaintiff as a result of the remand. Accordingly, for practical reasons, I can concur in the result arrived at by the majority, although I cannot agree, in theory, under our scope of appellate review.

ON APPLICATION FOR REHEARING
PER CURIAM.
In an application for rehearing, the defendant insurer points out we made a typographical error in our original opinion. We stated the district judge awarded "$30,000" in general damages. Actually, the award by the district court for general damages was "$20,000". We correct our original opinion accordingly. Otherwise, the application for rehearing is denied.