443 So.2d 3 (1983)
Damon "Jack" JACKSON
v.
WAL MART PROPERTIES, INC.
No. 83-772.
Court of Appeal of Louisiana, Third Circuit.
October 17, 1983.
Marcantel & Marcantel, David E. Marcantel, Jennings, for plaintiff-appellant.
Donald Jory, Jennings, for defendants-appellees.
Before STOKER, DOUCET and YELVERTON, JJ.
*4 STOKER, Judge.

MOTION TO SUPPLEMENT THE RECORD
Plaintiff-appellant, Damon "Jack" Jackson and defendant-appellee, Wal-Mart Properties, Inc. have jointly moved to supplement the record. Movers aver that a lien was not introduced into evidence at trial because of an oversight.
They move to stipulate as to the existence and timeliness of said lien and request that the court take judicial cognizance of the existence of and timeliness of the lien. Despite the joint stipulation this lien which was not introduced at trial cannot be added to the record after the transcript of the appeal has been filed in the appellate court.
According to Article 2132 of the Louisiana Code of Civil Procedure, after the record has been transmitted to the appellate court, the record can be supplemented by stipulation of the parties, by the trial court or by order of the appellate court only if the evidence was actually introduced at trial. Bullock v. Commercial U. Ins. Co., 397 So.2d 13 (La.App. 3rd Cir. 1981). In the case at hand the lien was not introduced as evidence at the trial and consequently cannot be added to the record at this time. The motion to supplement the record and to stipulate as to additional evidence, therefore, cannot be granted.
In the alternative, movers ask that the case be remanded to the district court to allow the taking of the additional evidence. Cases are remanded for the introduction of new evidence to prevent a miscarriage of justice. LSA-CCP Article 2164; Jones v. LeDay, 373 So.2d 787 (La. App. 3rd Cir.1979). Since both plaintiff and defendant request that the lien be admitted, the ends of justice would be best served if the case was remanded for the introduction of this evidence.
For the above and foregoing reasons, the motion to supplement the record is denied, and the suit is remanded. Assessments of costs are to await a final determination of this matter.
MOTION DENIED AND CASE REMANDED.