544 So.2d 1181 (1989)
Marjorie Montegut SUTTON
v.
Minnette Millet MONTEGUT.
No. 88-CA-770.
Court of Appeal of Louisiana, Fifth Circuit.
March 15, 1989.
On Rehearing May 17, 1989.
*1182 Ryan & Willeford and Diane K. Zink, New Orleans, for plaintiff-appellant.
Kliebert and Heltz, and Thomas J. Kliebert, Jr., Gramercy, for defendant-appellee.
Before CHEHARDY, C.J., and GRISBAUM and GOTHARD, JJ.
CHEHARDY, Chief Judge.
In this petitory action, the plaintiff-appellant seeks to prove her title to a piece of land known as Lot 3-A of the Division of Elvina Plantation and to have the defendant-appellee's title to that property erased from the parish mortgage and conveyance records. Finding there are indispensable parties who have not been joined in the suit, we vacate the judgment of the district court and remand the case, for the reasons that follow.
Plaintiff, Marjorie Montegut Sutton, and her brothers, John O. Montegut and Criswell R. Montegut, are co-owners in indivision of portions of the tract formerly known as Elvina Plantation, located in St. John the Baptist Parish, Louisiana. They acquired the land by donations from their father, J.O. Montegut, and their uncle, Walton J. Montegut.
The Elvina Plantation was formerly owned by the appellant's grandparents, C.F. Montegut and Elvina Haydel Montegut. J.O. Montegut and his six siblings inherited equal undivided interests in the Elvina Plantation following their parents' deaths.
By act of partition recorded on September 7, 1962, the land was divided among the siblings in accordance with a map known as Alternate Plan # 2 for Division of Elvina Plantation by Landry Engineering Company, dated May 15, 1959, revised 7/20/59, 6/6/61 and 7/20/61. Under the plan the plantation was divided into twelve lots, which were grouped into seven parcels of land, each parcel totaling 93.328 acres. The property thus acquired by Walton Montegut is designated on the Landry map and in the act of partition as Lots Three (3) and Three-A (3-A).
On October 3, 1972, by act of donation inter vivos recorded on October 5, 1972, Walton J. Montegut transferred to John O. Montegut, Jr., Criswell R. Montegut, and *1183 Marjorie Montegut, wife of Alphonse Sutton, land designated in the act as Lot No. Three (3). The property description in the 1972 act of donation varied in several important particulars from the description of Walton Montegut's property in the 1962 act of partition.
The defendant, Minette Millet Montegut, is the wife of Criswell R. Montegut. She claims ownership of the parcel of land made the basis of this suit under an act of sale dated August 5, 1982 from Walton J. Montegut to Minette Millet Montegut, which was not recorded until January 4, 1985, after Walton Montegut died. In that act of sale, the property transferred is designated as Lot Number Three-A (3-A). The property description in the 1982 act of sale also varies from the description in the 1962 act of partition.
As a result, in December 1987 Marjorie Montegut Sutton filed this suit for recognition of ownership of immovable property. She asserted that the 1972 donation inter vivos transferred to plaintiff and her brothers 93.328 acres of land, including both Lot 3 and Lot 3-A of the Division of Elvina Plantation, and that defendant Minette Millet Montegut is unlawfully claiming ownership of Lot 3-A. John and Criswell Montegut did not join in the suit as plaintiffs and were not otherwise impleaded.
Following trial in May 1988, judgment was rendered on June 21, 1988, dismissing plaintiff's demand at her cost. Plaintiff appealed. In reviewing the record, we noted the omission of plaintiff's two co-owners from the suit.
Under LSA-C.C.P. art. 641, no adjudication of an action can be made unless all indispensable parties are joined therein. Indispensable parties are those "whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action." C.C.P. art. 641. The failure to join an indispensable party to an action may be noticed by the trial or appellate court on its own motion. LSA-C.C.P. arts. 645, 927.
In a petitory action, where persons own land in indivision and one or more co-owners are not parties to the suit, no judgment can be rendered until all co-owners are party to the suit. Chiasson v. Duplechain, 56 So.2d 615 (La.App. 1 Cir. 1952). Individuals who are in possession of an undivided interest in property are indispensable parties to a proceeding in which a plaintiff seeks a declaration of ownership. Blanchard v. Naquin, 428 So.2d 926 (La. App. 1 Cir.), writ denied 433 So.2d 162 (La.1983); Edmonson v. Abell, 423 So.2d 100 (La.App. 1 Cir.1982).
When an appellate court notices the absence of indispensable parties to a suit on appeal, the appropriate remedy is to set aside the judgment and remand the matter for joinder of the absent parties and retrial. State, Dept. of Hwys. v. Lamar Adv. Co. of La., Inc., 279 So.2d 671 (La.1973); Horn v. Skelly Oil Co., 221 La. 626, 60 So.2d 65 (1952).
Accordingly, the judgment of the district court dated June 21, 1988, is vacated and set aside and this case is remanded to the district court for joinder of John O. Montegut and Criswell R. Montegut as parties to these proceedings and for a retrial of the case thereafter. The costs of this appeal are to be divided equally between the appellant and the appellee.
VACATED AND REMANDED.

ON APPLICATION FOR REHEARING
We granted rehearing in this matter to examine whether it is necessary to remand the case. In our original opinion we declined to rule on the merits of this petitory action because we found that the plaintiff-appellant, Marjorie Montegut Sutton, had failed to include in the suit two indispensable parties. Accordingly, we vacated the judgment of the district court, which had dismissed the suit, and remanded the matter for joinder of the indispensable parties and for retrial thereafter.
The persons we determined to be indispensable parties are John O. Montegut and Criswell R. Montegut, the plaintiff-appellant's *1184 brothers, who are undivided co-owners with her under the act of donation by which she claims title to the land in dispute.
The defendant-appellee, Minette Millet Montegut, filed an application for rehearing, attaching an affidavit by John Montegut and Criswell Montegut. The affiants assert they are owners in indivision with the plaintiff of Lot 3 of Elvina Plantation and state they make no claim to Lot 3A of Elvina Plantation, which is the subject of this litigation. They request us to reconsider the matter on the merits to save them "the time and expense of being joined as parties since a new trial would serve absolutely no purpose," because they claim no interest in Lot 3A and they "fully agree that Minnette Montegut is the lawful owner of Lot 3A of Elvina Plantation."
The defendant-appellee prays that a rehearing be granted, that the judgment remanding the matter for joinder of indispensable parties and retrial be set aside, and that this court decide the merits of the case. In the alternative, she prays that the case be remanded for the limited purpose of joining the co-owners and allowing only the new parties to submit additional evidence or testimony, subject to cross-examination and rebuttal evidence only by the present parties.
After reviewing the jurisprudence regarding the admission of evidence into the record at the appellate level, we conclude we have no authority to accept the affidavit at face value in order to avoid a remand.
LSA-C.C.P. art. 2132, which permits the correction of evidence that was actually introduced at trial, does not permit introduction of new evidence after the transcript of the appeal is filed in the appellate court; the court of appeal has no jurisdiction to receive new evidence. Bullock v. Commercial U. Ins. Co., 397 So.2d 13 (La. App. 3 Cir.1981).
LSA-C.C.P. art. 2164 provides that appellate courts shall render judgment "upon the record on appeal," which likewise precludes the consideration of evidence outside that record, such as evidence discovered since the delay for applying for a new trial in the court below. Gallagher v. Gallagher, 181 So.2d 47 (La.1965).
An appellate court cannot review evidence that is not in the record nor receive evidence so as to supplement the record properly before it. Good v. Louisiana Com'n on Govern. Ethics, 370 So.2d 123 (La.App. 1 Cir.1979), writ denied 371 So.2d 836. The court of appeal may not consider evidence which has not been previously introduced in the trial court. Holmes v. St. Charles General Hosp., 465 So.2d 117 (La. App. 4 Cir.1985).
The court of appeal has no jurisdiction to review new evidence contained in an affidavit attached to an application for rehearing. Fred H. Moran Const. Corp. v. Elnaggar, 441 So.2d 260 (La.App. 1 Cir. 1983).
After the record has been transmitted to the appellate court, the record can be supplemented by stipulation of the parties, by the trial court, or by order of the appellate court, only if the evidence was actually introduced at trial. Jackson v. Wal Mart Properties, Inc. 443 So.2d 3 (La.App. 3 Cir.1983). Cases are remanded for the introduction of new evidence to prevent a miscarriage of justice. Id.
An ex parte affidavit attached to a motion can form no part of a record on appeal, but may be noted on a question of whether or not to remand a cause for taking additional evidence. Heymann v. Lewis, 414 So.2d 787 (La.App. 3 Cir.1979) (on rehearing). See also, Crader v. Casualty Reciprocal Exchange, 417 So.2d 101 (La. App. 3 Cir.1982).
We note that some cases have stated that the rule barring introduction of evidence in the appellate court has been relaxed, where the facts occurring subsequent to the appeal are not denied and it would serve no useful purpose to remand a case for the purpose of offering evidence in the court below of facts which are not denied. See, e.g., Wilson v. Wilson, 17 So.2d 249 (La.1944); RDM Corporation v. Macaluso, 134 So.2d 127 (La.App. 4 Cir. 1961).
*1185 However, an appellate court cannot render judgment either against or in favor of persons who were not parties to an appeal. The court of appeal's remedial powers are broad, but the court does not have power to join, sua sponte, additional parties to an appeal. Hatcher v. State through Dept. of Transp., 467 So.2d 584 (La.App. 3 Cir.1985), writs granted in part on other grounds and case remanded, 471 So.2d 724 (two cases).
Considering the above, and because the evidence sought to be introduced concerns the rights of persons not yet party to the suit, we conclude the interest of justice requires the matter be remanded for joinder of the indispensable parties, as provided in our original opinion. Rather than requiring a full retrial, however, we shall amend our judgment to provide that the new trial be limited to the submission of evidence by the newly-joined parties only, subject to cross-examination and/or rebuttal by the present parties. This method will leave the affiants free to renounce, in proper form, any interest in the lawsuit if they so desire.
For the foregoing reasons, this court's original judgment is amended to provide that the new trial specified therein shall be limited to allow John O. Montegut and Criswell R. Montegut, after they are joined as parties, to present evidence or testimony to support their position, subject to cross-examination and rebuttal evidence only by the present parties. Following rendition of judgment thereupon, the case shall be returned to this court for decision on the merits of the appeal. As thus amended, our judgment of March 15, 1989, is reinstated.
REHEARING GRANTED; COURT OF APPEAL JUDGMENT AMENDED AND REINSTATED.