597 So.2d 174 (1992)
Coleman D. BROWN
v.
DEPARTMENT OF ENVIRONMENTAL QUALITY.
No. 91 CA 0174.
Court of Appeal of Louisiana, First Circuit.
April 10, 1992.
Coleman D. Brown, in pro. per.
Paula Lawrence, DEQ, Legal, Baton Rouge, for defendant-appellee Dept. of Environmental Quality.
*175 Pamela M. Perkins, Baton Rouge, for Div. of Admin.
Before WATKINS, CARTER and FOIL, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment on a petition for judicial review.

FACTS
During 1990, the Louisiana Department of Environmental Quality (DEQ) and the Division of Administration issued a notice of lease proposal for office space for DEQ. The notice included specifications that the office space be located within certain geographic boundaries. Appellant, Coleman D. Brown, filed a protest to the specifications and sought to have the boundaries expanded to include the Republic Towers building on Florida Boulevard in Baton Rouge. The Division of Administration held a hearing on May 21, 1990. Brown received notice of the decision by the hearing officer on June 29, 1990.
On July 13, 1990, Brown filed a petition for judicial review in the Nineteenth Judicial District Court. The case was originally allotted to Division G, under docket number 359,245. However, pursuant to a motion to transfer by DEQ, the matter was transferred to Division M of the Nineteenth Judicial District Court.[1] After a hearing held on August 24, 1990, the trial judge, for oral reasons assigned, rendered judgment in favor of DEQ and against Brown, upholding the decision of the Division of Administration.
Brown timely appealed the trial court judgment. When the record was lodged with this court, no portion of the record before the Division of Administration was included. In answer to Brown's petition for judicial review, DEQ denied the allegations of the petition and asserted that the administrative record, which was filed in the case pending under docket number 358,006, contained all of the relevant facts. However, the two matters were not consolidated, and a copy of that record was not made of part of the record in the suit under docket number 359,245. Additionally, in his oral reasons for judgment, the trial judge made specific references to the testimony and evidence at the "last hearing," which the trial judge adopted by reference. However, the testimony and evidence introduced at the previous hearing was not introduced into evidence at the hearing on August 24, 1990. As a result, the record before us is insufficient to review the trial court judgment.
LSA-C.C.P. art. 2132, which permits the correction of evidence which was actually introduced at trial, does not permit introduction of new evidence after the transcript of the appeal is filed in the appellate court. Sutton v. Montegut, 544 So.2d 1181, 1184 (La.App. 5th Cir.1989). Moreover, the court of appeal has no jurisdiction to receive new evidence. Sutton v. Montegut, 544 So.2d at 1184; Bullock v. Commercial Union Insurance Company, 397 So.2d 13, 15 (La.App. 3rd Cir.1981). Under the provisions of LSA-C.C.P. art. 2161, we cannot dismiss an appeal because the trial court record is missing, incomplete, or in error, no matter who is responsible; however, we can remand the case for retrial or for correction of the record. Bamma Leasing Co., Inc. v. State, 556 So.2d 149, 151 (La.App. 5th Cir.1990).
In the instant case, the record is in such disarray and so incomplete that we cannot review the proceedings below. However, it is apparent from the pleadings filed by DEQ and the reasons for judgment that all of the relevant facts, the record before the Division of Administration, and the testimony and evidence considered by the trial judge in reviewing the instant case are included in the record under docket number 358,006. Therefore, we remand the instant case to the trial court for a correction of *176 the record and inclusion of the record under docket number 358,006 in the instant record. See Bamma Leasing Co., Inc. v. State, 556 So.2d at 151; Guillie v. Department of Transportation and Development, 538 So.2d 1144, 1146-47 (La.App. 5th Cir.1989). Costs of this appeal are to await a final determination of the merits of the appeal.
REMANDED WITH INSTRUCTIONS.
NOTES
[1] According to DEQ's motion, a matter entitled "Sizeler Real Estate Management, Inc., Agents for Bon Marche Mall and Office Tower versus State of Louisiana, through the Department of Environmental Quality and the Division of Administration," which was allocated to Division M of the Nineteenth Judicial District Court under docket number 358,006, involved review of the same decision upon which Brown's petition for judicial review was based.