606 So.2d 575 (1992)
Sherri Turner DAVIS
v.
William Jay DAVIS.
No. 92-CA-308.
Court of Appeal of Louisiana, Fifth Circuit.
September 29, 1992.
Cindy M. Harris, Women's Legal Center, New Orleans, for plaintiff/appellant.
Pat M. Franz, Metairie, for defendant/appellee.
Before GRISBAUM, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
In this appeal we are called upon to decide whether Louisiana has jurisdiction over a child custody dispute. We find that it does not. Accordingly, we affirm the *576 trial court judgment which maintained the father's exception of lack of subject matter jurisdiction.
According to facts gleaned from the pleadings and testimony contained in the record, the parties obtained a divorce in St. Tammany Parish, Louisiana. In the course of those proceedings, the parties entered into a consent custody judgment in December, 1989 implementing a joint custody plan for their infant son and designating the father as primary custodial parent. That judgment was not made a part of this record.[1] It is apparent that both parties understood that the father would relocate to Texas shortly thereafter and maintain his domicile in that state.
The mother intended to move to Texas to be near her son, but due to her subsequent remarriage she remained in Louisiana. The mother filed this action in Jefferson Parish, Louisiana seeking a change of custody of the child, who is now three years old. The father filed on exception of lack of subject matter jurisdiction asserting that Texas is the child's home state. The trial court agreed and maintained the exception. The mother filed this appeal. The father answered the appeal seeking damages for frivolous appeal.
Jurisdiction in these matters is conferred by the Uniform Child Custody Jurisdiction Act embodied in LSA-R.S. 13:1700 et seq. Under that statutory directive we examine the pertinent sections to decide whether Louisiana is the proper forum for this action. We look to LSA-R.S. 13:1702A which sets forth the jurisdictional instances in which Louisiana is empowered to make a custody determination. Of the four sections which comprise that statute only the first two have relevance to our discussion. Specifically they state that Louisiana has jurisdiction if:
(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(2) It is the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; ...
LSA-R.S. 13:1701(5) defines "home state" as:
"the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as a parent, for at least six consecutive months ..."
Under the circumstances of the instant case, although the child has made frequent visits to his mother's home in Louisiana, Texas is his "home state."
The mother does not dispute the issue of "home state" but rather asserts that Louisiana should take jurisdiction pursuant to its empowerment under the "significant connections" portion of the statute. She argues that allowing "a non-resident parent to defeat jurisdiction over custodial disputes in Louisiana likewise defeats the spirit of joint custody." In support of this claim the mother cites Hicks v. Hicks, 594 So.2d 532 (La.App. 5th Cir.1992). We find her reliance on Hicks to be misplaced. That case contains a discussion of the merits of child custody and does not address jurisdictional issues as they relate to the Uniform Child Custody Jurisdiction Act except as an aside to mention that a challenge to jurisdiction was denied. The custody judgment in that matter contained a stipulation that jurisdiction of custody proceedings would remain in Louisiana. The litigation in that case was lengthy. Without *577 comment on the enforceability of such a stipulation we note that nothing of that nature exists in the matter before us. On the contrary, it seems clear that both parties intended, at the time the custody judgment was rendered, to relocate to Texas.
As previously stated, Louisiana, even though not the child's home state, could exercise jurisdiction if the child and a parent have a significant connection to the state and there is substantial evidence available to warrant such an action. The child's connection to Louisiana is that he visits his mother for about one week a month and has seen physicians in the state, most recently for treatment of allergies from which he suffers. It appears from evidence presented that his primary physicians are in Texas.
Because the child is a mere three years old there are no school records to consider. He does attend day care in Texas and has playmates in both states.
The original custody agreement granted primary custodial care to the father with the understanding that the child's domicile would be Texas. By her own admission the mother originally intended to move to Texas to be near her son. Now, because events in her life have caused her to reconsider that decision, she seeks a change of custody in Louisiana. But neither the interest nor the convenience of the parents is the primary consideration in determining jurisdiction. Martin v. Martin, 545 So.2d 666 (La.App. 5th Cir.1989). We find no error in the trial court's finding that Texas is the appropriate forum for this dispute.
We cannot consider the mother's final argument that Louisiana should exercise emergency jurisdiction since the argument, which was first made in brief to this court, relies on evidence not presented to the trial court before the hearing. Thus we are without authority to consider such evidence. The court of appeal has no jurisdiction to receive new evidence. Sutton v. Montegut, 544 So.2d 1181 (La.App. 5th Cir. 1989) on rehearing. LSA-C.C.P. art. 2164.
The final issue for our review is the father's request for damages for frivolous appeal. Such damages are awarded pursuant to LSA-C.C.P. art. 2164 only when it clearly appears that the appeal was taken solely for the purpose of delay or that counsel for appellant does not seriously believe in his legal position. Fouchi v. Fouchi, 442 So.2d 506 (La.App. 5th Cir. 1983) writ denied 445 So.2d 1235 (La.1984); Jones v. Liberty Mutual Ins. Co., 568 So.2d 1091 (La.App. 5th Cir.1990) writ denied 572 So.2d 72 (La.1991). We do not find this appeal was frivolous under that standard and therefore we deny appellee's request for damages.
For the foregoing reasons the judgment of the trial court is affirmed. Appellant to pay costs of this appeal.
AFFIRMED.
NOTES
[1] A copy of that judgment was attached to appellant's brief but cannot be considered by this Court. LSA-C.C.P. art. 2164 provides that appellate courts shall render judgment "upon the record on appeal." That article precludes the consideration of evidence outside the record. Sutton v. Montegut, 544 So.2d 1181 (La.App. 5th Cir.1989) on rehearing.