666 So.2d 1191 (1995)
Benita Smith SAUCIER Chambers, Defendant-Appellant,
v.
Eric Paul SAUCIER, Plaintiff-Appellee.
No. 95-1501.
Court of Appeal of Louisiana, Third Circuit.
December 20, 1995.
Jeffrey Allan Riggs, Alexandria, for Benita Smith Saucier.
Michael Hathorn Davis, Alexandria, for Eric Paul Saucier.
Before PETERS, AMY and GREMILLION, JJ.

MOTION TO REMAND
GREMILLION, Judge.
The defendant-appellant, Bonita Smith Saucier Chambers, seeks to remand the above captioned appeal for the reason that the transcript of the hearing from which the appeal judgment originates is not available. We hereby remand to the lower court with instructions to correct the record if possible, and in the alternative to have a retrial.
A rule for change of joint custody plan and for termination of payment for child support was filed by appellee, Eric Paul Saucier, on June 11, 1993. A hearing was held on August 2, 1993, at which both parties submitted evidence, including oral testimony. Judgment was entered on August 22, 1994. An order of devolutive appeal was issued on September 26, 1994. On January 11, 1995 notice was given to appellant by the Rapides Parish Clerk of Court that the transcript of the hearing from which the appeal judgment originated was lost. On November 9, 1995, appellant filed a motion to remand for a new trial. In Brown v. Department of Environmental Quality, 597 So.2d 174 (La.App. 1 Cir.1992), the court under similar circumstances, stated as follows:
LSA-C.C.P. art. 2132, which permits the correction of evidence which was actually introduced at trial, does not permit introduction of new evidence after the transcript of the appeal is filed in the appellate court. Sutton v. Montegut, 544 So.2d 1181, 1184 (La.App. 5th Cir.1989). Moreover, the court of appeal has no jurisdiction to receive new evidence. Sutton v. Montegut, 544 So.2d at 1184; Bullock v. *1192 Commercial Union Insurance Company, 397 So.2d 13, 15 (La.App. 3rd Cir.1981). Under the provisions of LSA-C.C.P. art. 2161, we cannot dismiss an appeal because the trial court record is missing, incomplete, or in error, no matter who is responsible; however, we can remand the case for retrial or for correction of the record. Bamma Leasing Co., Inc. v. State, 556 So.2d 149, 151 (La.App. 5th Cir.1990).
In the present case, the transcript tapes from the August 2, 1993 hearing could not be located by the clerk's office, therefore, the transcript is not available. Pursuant to the provisions of La.Code Civ.P. art. 2161, this court may remand the case either for retrial, or for correction of the record. Therefore, we remand the instant case to the trial court for correction of the record, if possible, and in the alternative, a retrial of the hearing. Cost of this appeal are to await a final determination of the merits of the suit.
REMANDED WITH INSTRUCTIONS.