11 GOTHARD, Judge.
The Testamentary Executrix of the Succession of Peter G. Pauli, Jr. has appealed a judgment of the district court ordering her to respond to a request for production of documents, amend the descriptive list, provide security, prepare the annual account, and to pay $2,000.00 attorney fees to the attorney for two of the heirs.
The appellate brief neither assigns nor briefs any alleged errors. Therefore, we deem the matters herein as having been abandoned. See Uniform Rules — Court of Appeal 2-12.4; American Motorist Insurance Company v. American Rent-All, Inc., 617 So.2d 944, 947 (La.App. 5 Cir.1993); Doucet v. Champagne, 94-1631 (La.App. 1 Cir. 4/7/95), 657 So.2d 92.
Furthermore, the judgment from which the appeal was taken is interlocutory in nature and, therefore, not an appealable judgment. See Walker v. Walker, 512 So.2d 1230 (La.App. 5 Cir.1987); Prejean v. Real Superstore, 525 So.2d 75 (La.App. 3 Cir. 1988) (discovery rulings are not appealable). See also Speeg v. Stewart Title Guaranty Co., 381 So.2d 582 (La.App. 4 Cir.1980); Delk v. Bel Builders, Inc., 404 So.2d 527 (La.App. 4 Cir.1981) (an order to pay attorney fees on discovery rule is not appealable).
For the foregoing reasons, this appeal is dismissed.

*99
ANSWER TO APPEAL

Appellees have answered the appeal, asking that appellant be assessed damages for a frivolous appeal under La.C.C.P. art. 2164; that they be granted additional attorney fees in the amount of $3,500.00; and that the security be increased to the amount of $175,-000.00.
La.C.C.P. art. 2164 provides for the imposition of damages for frivolous appeals. This provision is penal in nature and must be strictly construed. Damages will not be awarded unless it appears that the appeal was taken solely for the purpose of delay, serious legal questions are not raised, or that the appealing counsel does not seriously believe in the position he advocates. Even when the contentions on appeal are found to lack merit, but raise legitimate issues, damages for frivolous appeals are not allowed.
Kambur v. Kambur, 94—775 (La.App. 5 Cir. 3/1/95), 652 So.2d 99. Also Davis v. Davis, 606 So.2d 575 (La.App. 5 Cir.1992); Jones v. Liberty Mutual Ins. Co., 568 So.2d 1091 (La.App. 5 Cir.1990), writ denied, 572 So.2d 72 (La.1991).
We found hereinabove that appellant did not raise any issues on appeal. Therefore, we deem it appropriate to award the appellees $1,500.00 in damages for a frivolous appeal.
We do not find any justification in the record to increase either the attorney fees or the security required of the executrix. The trial court has dealt with the parties on a regular basis and is in the best position to determine the amount of work expended by the appellees in these matters. Additionally, appellee, has not | ¡¡articulated any reason why the security should be increased, and we find nothing in the record to support such increase at this time. Therefore, we see no abuse of discretion at this time in either the amount of attorney fees or the amount of the security set by the trial court.

DECREE

This appeal is dismissed for the reasons expressed hereinabove. Appellees are granted $1,500.00 in damages for a frivolous appeal. Appellees’ request for additional attorney fees and additional security is denied at this time.
APPEAL DISMISSED.