[,GUIDRY, J.
Appellants, RPM Pizza, Inc. d/b/a Domino’s Pizza (“Domino’s”) and Lumbermen’s Underwriting Alliance, appeal from the judgment of the workers’ compensation judge (“WCJ”) in favor of appellee, Yvette Core-Thigpen, against appellants. We remand.
FACTS AND PROCEDURAL HISTORY
On October 25, 1995, appellee was hired by Domino’s as a driver. However, according to appellee, when she reported to work on October 26, 1995, the store manager informed her that her resume indicated that she was more qualified for an assistant manager’s position. Appellee testified that she was then told that she was beginning training as an assistant manager. According to appellee, she was then sent out to ride along with the most experienced driver, Deborah Chenevert, in order to learn about that position because, as an assistant manager, she would be responsible for hiring drivers.
While appellee was riding as a guest passenger with Ms. Chenevert, Ms. Chene-vert was involved in an automobile accident. Ms. Chenevert was proceeding in a northerly direction on Jones Creek Road when her vehicle collided with another vehicle driven by Lashaunda Stevenson, who ran a stop sign at the intersection of Tiger-bend and Jones Creek Roads. Both appel-lee and Ms. Chenevert were in the course and scope of their employment with Domino’s at time of the accident.
After the accident, appellee continued to work for Domino’s until January of 1996. On January 19, 1996, appellee’s treating physician, Stephen J. Flood, M.D., changed appellee’s work status to temporary total disability. As of the date of trial, she had not returned to work since that status change.
laAppellee filed a disputed claim for compensation against appellants on May 7, 1996. According to appellee, appellants terminated her weekly benefits on February 27, 1996, purportedly because light duty work was available for her at Domino’s. Appellee also asserted that appellants refused to pay some of her medical expenses.
*1139 A trial on the merits was held on October 26, 1998. The WCJ then recessed the proceedings to allow the deposition of William K Bly to be taken and for a rebuttal deposition of appellee, if necessary. The WCJ then stated that, after the depositions were taken and provided to the WCJ, on the first available rule day she would allow the parties to give closing arguments.
On January 21, 1999, a judgment in favor of appellee was rendered. The judgment indicates that additional evidence was submitted to the court on December 18, 1998. However, the record before this court contains a transcript of court proceedings held on May 4, 1999. At those proceedings, the November 20, 1998 depositions of Mr. Bly and appellee were admitted into evidence. However, prior to the May 4, 1999 court proceedings, appellants were granted a suspensive appeal on February 22, 1999, which divested the trial court of jurisdiction over the matter.
DISCUSSION
Louisiana Code of Civil Procedure article 2088 provides, in pertinent part:
The jurisdiction of the trial court over all matters in the case renewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal[.]
|40n the date of the hearing at which the depositions were admitted into evidence, the WCJ no longer had jurisdiction over the matter. Consequently, the depositions are not properly before this court. However, it is apparent from the judgment that the WCJ considered this evidence in rendering the judgment. We note that when evidence is not introduced into the record at trial due to an oversight or for other reasons, said evidence may not be introduced into the record while the appeal is pending. See Gulf American Industries v. Airco Industrial Gases, 573 So.2d 481, 493 (La.App. 5th Cir.1990); Jackson v. Wal Mart Properties, Inc., 443 So.2d 3, 4 (La.App. 3rd Cir.1983).
 Nevertheless, under La. C.C.P. art. 2164, courts of appeal’have the discretionary power to remand a case for the introduction of additional evidence to prevent a miscarriage of justice. Jackson, 443 So.2d at 4; MMR-Radon Constructors, Inc. v. Continental Insurance Company, 97-0159, p. 5 (La.App. 1st Cir.3/3/98), 714 So.2d 1, 4, writ denied, 98-1485 (La.9/4/98), 721 So.2d 915. We believe that in the interest of justice, we must exercise that discretionary power in this case.
CONCLUSION
Thus, we remand this matter for completion of the record, which shall be accomplished within 30 days of receipt of this order. The appeal herein is held in abeyance, pending completion of the record and receipt thereof by this court. Thereafter, the appeal shall be docketed by preference and priority. We await a final determination of this matter before assessing costs.
REMANDED WITH INSTRUCTIONS.