HARRIS MARSHALL,
v.
CREDIT GENERAL INSURANCE COMPANY, ET AL.
No. 09-1317.
Court of Appeals of Louisiana, Third Circuit.
April 14, 2010.
Not Designated for Publication.
LESLIE R. LEAVOY, JR. Attorney at Law, DeRidder, Louisiana, Counsel for Plaintiff/Appellant: Harris Marshall.
THOMAS R. JUNEAU, SR. SUE NATIONS, JOSHUA K. TRAHAN, Juneau David, APLC, Lafayette, Louisiana, Counsel for Defendants/Appellees: Gerald D. Wilkins, John C. Poland, Wilkins Insurance Agency.
PEGGY D. ST. JOHN, Gold, Weems, Bruser, Sues & Rundell, Alexandria, Louisiana, Counsel for Defendant/Appellee: Credit General Insurance Company.
Court composed of SYLVIA R. COOKS, JAMES T. GENOVESE, and DAVID E. CHATELAIN, Judges.
CHATELAIN, Judge Pro Tempore.[*]
This appeal involves the abandonment of an action under La.Code Civ.P. art. 561 for failure of the plaintiff to prosecute an action in the trial court for a period of more than three years. Pursuant to Article 561, three defendants in this matter filed an ex parte motion, asking the trial court to dismiss the plaintiff's action. Finding merit with the defendants' motion, the trial court entered a formal order of dismissal. Thereafter, the plaintiff filed a motion for new trial and motion to set aside the dismissal; the trial court denied the plaintiff's motions.
The plaintiff appeals the trial court's denial of his motion for new trial and motion to set aside the order of dismissal and has designated portions of the record for appellate review. For the following reasons, we remand this matter to the trial court for completion of the record.

DISCUSSION
Pursuant to La.Code Civ.P. art. 2128,[1] Harris Marshall, the plaintiff,[2] designated the following portions of the record for inclusion in the record prepared for this appeal:
1. Harold Marshall's Motion and Order to Schedule Hearing fax[-] filed on April 29, 2008, and its fixing signed by the Court on May 5, 2008, scheduling the Exception of Lis Pendens for hearing on June 16, 2008;
2. Defendants' Ex Parte Motion for Dismissal as Abandoned fax[-] filed on April 29, 2008; Harold Marshall's Opposition to Ex Parte Motion for Dismissal as Abandoned fax-filed May 1, 2008;
3. Harold Marshall's Motion for New Trial and Motion to Set Aside Dismissal fax-filed May 2, 2008;
4. Memorandum in Support of Motion for New Trial and Motion to Set Aside Dismissal, with exhibits A & B, fax-filed on June 11, 2008;
5. The hearing conducted on June 16, 2008, including the minutes from that hearing;
6. Harold Marshall's Supplemental Memorandum in Support of Motion for New Trial and Motion to Set Aside Dismissal fax-filed June 27, 2008;
7. The Court's decision of August 11, 2008, including the minutes of court from that hearing; and
8. Any and all documents not listed above offered at the hearing on June 16, 2008.
Our review of these designations of the record shows that these documents establish that the trial court signed an order dismissing "this action" with full prejudice on April 29, 2008, pursuant to an ex parte motion for dismissal as abandoned filed by Gerald D. Wilkins, John C. Poland, and Wilkins Insurance Agency (the defendants) and that thereafter the plaintiff filed a motion for new trial and motion to set aside dismissal, which the trial court denied. These documents, however, fail to establish, or even assert, the facts which served as the basis for: 1) the defendants' ex parte motion for dismissal as abandoned; 2) the trial court's dismissal of this action; 3) the plaintiff's motion for new trial and motion to set aside dismissal; or 4) the trial court's denial of the plaintiff's motions.
We note that there are memoranda included in the record that address these referenced facts, at least to some extent. Even though the memoranda appear in the record, they were not introduced as evidence. Therefore, they are not part of the record on appeal. See Tranum v. Hebert, 581 So.2d 1023, 1026-27 (La.App. 1 Cir.), writ denied, 584 So.2d 1169 (La. 1991), where the first circuit explained that the basis for an appellate judgment is the record on appeal and what the record consists of:
Pursuant to La.C.C.P. art. 2164, an appellate court must render its judgment upon the record on appeal. The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, jury instructions, judgments and other rulings, unless otherwise designated. La.C.C.P. arts. 2127 and 2128; Official Revision Comment (d) for La.C.C.P. art. 2127. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Davis v. Anderson, 451 So.2d 1302 (La.App. 1st Cir. 1984). The record before us contains memoranda (briefs), with attached exhibits, which were filed in the trial court. These memoranda and exhibits were not filed in evidence and are not part of the record on appeal. In State ex rel. Guste v. Thompson, 532 So.2d 524, 527, n. 2 (La.App. 1st Cir.1988) appears the following:
The briefs of the parties assert facts which are not in the record and refer to exhibits which have not been filed in evidence in the record. An appellate court may not consider evidence which is outside the record. La.C.C.P. art. 2164. The briefs of the parties and the attachments thereto are not part of the record on appeal. Bunch v. Town of St. Francisville, 446 So.2d 1357 (La.App. 1st Cir.1984). In addition, we may not consider exhibits filed in the record which were not filed in evidence, unless authorized by law to do so. See, for example, La.C.C.P. arts. 966 and 967.

See also Leyva v. Laga, 549 So.2d 914 (La.App. 3rd Cir.1989). Further, the appellate briefs of the parties herein assert facts not contained in the petition or the record on appeal. The appellate briefs of the parties are not part of the record on appeal, and this court has no authority to consider on appeal facts referred to in appellate briefs, or in exhibits attached thereto, if those facts are not in the record on appeal. Capital Drilling Company v. Graves, 496 So.2d [487 (La.App. 1 Cir. 1986]; Fred H. Moran Construction Corporation v. Elnaggar, 441 So.2d 260 (La.App. 1st Cir.1983).
Simply stated, in the present case the facts necessary to review the plaintiff's assignment of error are not contained in the record. This situation is addressed in La.Code Civ.P. art. 2161 (emphasis added) which provides in part:
An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant.
Pursuant to the directive of La.Code Civ.P. art. 2161 not to dismiss an appeal because of an incomplete record, we remand this matter to the trial court for completion of the record. See also, Saucier v. Saucier, 95-1501 (La.App. 3 Cir. 12/20/95), 666 So.2d 1191; Brown v. Dep't of Envtl. Quality, 597 So.2d 174 (La.App. 1 Cir. 1992). Costs will be assessed when this court determines the merits of this appeal.
REMANDED WITH INSTRUCTIONS.
NOTES
[*] Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Louisiana Code of Civil Procedure Article 2128 provides in pertinent part:

The form and content of the record on appeal shall be in accordance with the rules of the appellate court, except as provided in the constitution. However, within three days, exclusive of holidays, after taking the appeal the appellant may designate in a writing filed with the trial court such portions of the record which he desires to constitute the record on appeal. . . . In such cases the clerk shall prepare the record on appeal as so directed, but a party or the trial court may cause to be filed thereafter any omitted portion of the record as a supplemental record.
[2] We note that, while this matter is entitled "Harris Marshall v. Credit General Insurance Company," Harold Marshall filed an appellate brief herein in which he represents that he was substituted as plaintiff in this proceeding. The record does not establish that this representation is correct, but the discrepancy has no bearing on our action herein. Accordingly, we do not address it further.