NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

24-392

BLESSEN FRANCIS

VERSUS

KAYSHA NICOLE MITCHELL MASON, AND USSA INSURANCE, XYZ INSURANCE AND UNDER INSURED SAFEWAY INSURANCE COMPANY

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20187083
HONORABLE MICHELE S. BILLEAUD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

LEDRICKA J. THIERRY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Ledricka J. Thierry, and Wilbur L. Stiles, Judges.

AFFIRMED.

Joslyn Alex
The Alex Firm LLC
227 Rees Street
Breaux Bridge, LA 70517
(337) 332-1180
COUNSEL FOR PLAINTIFF/APPELLANT
     Blessen Francis

**Tracy L. Oakley**
**400 E. Kaliste Saloom Road, Suite 2300**
**Lafayette, LA 70508**
**(337) 323-8040**
**COUNSEL FOR DEFENDANT/APPELLEE**
**Safeway Insurance Company of Louisiana**

**THIERRY, Judge.**

The trial court granted Defendant's motion for involuntary dismissal after Plaintiff rested her case. Plaintiff appealed. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

This case stems from a two-vehicle accident that occurred in Lafayette, Louisiana in 2017. The defendant driver, Kaysha Mason, rear-ended the vehicle in front of her when it came to a stop. The rear-ended vehicle was driven by Tiara Hill, and Plaintiff, Blessen Francis, was a guest passenger in Hill's vehicle.

Francis filed a lawsuit for damages against multiples defendants, alleging she sustained injuries in the 2017 accident. She subsequently dismissed Kaysha Mason and her insurer, Garrison Property and Casualty Insurance Company, after learning the policy limits were exhausted, leaving Safeway Insurance Company ("Safeway") as the remaining defendant. Safeway provided uninsured motorist (UM) coverage in the amount of $15,000.00 per person and $30,000.00 per accident.

At trial, Francis called three people to testify and introduced medical records and a declarations page from Safeway into evidence. Safeway stipulated to medical damages of $4,485.00 incurred by Francis, but reserved its right to contest whether the treatment was necessary. Francis also proffered two affidavits and attached documents from Garrison Property and Casualty Insurance Company, which the trial court ruled to be inadmissible.

After Francis presented her witnesses, Safeway moved for an involuntary dismissal, which the judge granted. The trial judge explained:

> Pending before me right now is a motion for involuntary dismissal under Article 1672. The appropriate standard is whether Plaintiff has presented sufficient evidence during their case in chief to establish their claim by a preponderance of the evidence. In the present case, the law requires Plaintiff make a prima facie case showing that the

owner/operator of the offending vehicle was either uninsured or under insured, and may do so by one of the enumerated methods provided by statute. None of those were done in this case.

Alternatively, Plaintiff could have shown exhaustion of policy limits by other admissible evidence; however, the affidavit by Hector Garza with USAA is not admissible because it is hearsay and the Plaintiff has failed to prove that he, Mr. Garza, or anyone from USAA, was unavailable to testify. For those reasons the motion is granted.

Francis now appeals.

## ASSIGNMENTS OF ERROR

Francis alleges the following assignments of error on appeal:

1. The trial court improperly granted a defense motion dismissing the plaintiff['s] case.

2. The trial court improperly denied the Plaintiff['s] affidavit[s] showing that the defendant had no other insurance, and that the insurance had been exhausted.

## LAW AND ANALYSIS

The issue here is whether Francis presented sufficient evidence to show that the defendant driver, Kaysha Mason, was uninsured or underinsured at the time of the accident, such that Francis could be entitled to the UM coverage under the Safeway policy. In order to meet her burden, Francis was first required to provide satisfactory proof of loss. The Louisiana Supreme Court explained what constitutes satisfactory proof of loss in *Reed v. State Farm Mut. Auto. Ins. Co.*, 03-0107, pp. 15-16 (La. 10/21/03), 857 So.2d 1012, 1022:

> "Satisfactory proof of loss" in a claim pursuant to UM coverage is receipt by the insurer of "sufficient facts which fully apprise the insurer that (1) the owner or operator of the other vehicle involved in the accident was uninsured or under insured; (2) that he [or she] was at fault; (3) that such fault gave rise to damages; and (4) establish the extent of those damages." *McDill v. Utica Mutual Insurance Company,* 475 So.2d 1085, 1089 (La.1985).

2

It is the first requirement set forth in *Reed*—whether the operator of the other vehicle was uninsured or underinsured—that is in dispute.

One way to establish the uninsured or underinsured status of a driver is through affidavit evidence. *Stephens v. King*, 16-376 (La.App. 3 Cir. 11/9/16), 205 So.3d 990. However, an affidavit must comply with Louisiana Revised Statutes 22:1295(6), which states:

> In any action to enforce a claim under the uninsured motorist provisions of an automobile liability policy the following shall be admissible as prima facie proof that the owner and operator of the vehicle involved did not have automobile liability insurance in effect on the date of the accident in question:

> (a) The introduction of sworn notarized affidavits from the owner and the operator of the alleged uninsured vehicle attesting to their current addresses and declaring that they did not have automobile liability insurance in effect covering the vehicle in question on the date of the accident in question. When the owner and the operator of the vehicle in question are the same person, this fact shall be attested to in a single affidavit.

> (b) A sworn notarized affidavit by an official of the Department of Public Safety and Corrections to the effect that inquiry has been made pursuant to R.S. 32:871 by depositing the inquiry with the United States mail, postage prepaid, to the address of the owner and operator as shown on the accident report, and that neither the owner nor the operator has responded within thirty days of the inquiry, or that the owner or operator, or both, have responded negatively as to the required security, or a sworn notarized affidavit by an official of the Department of Public Safety and Corrections that said department has not or cannot make an inquiry regarding insurance. This affidavit shall be served by certified mail upon all parties fifteen days prior to introduction into evidence.

> (c) Any admissible evidence showing that the owner and operator of the alleged uninsured vehicle was a nonresident or not a citizen of Louisiana on the date of the accident in question, or that the residency and citizenship of the owner or operator of the alleged uninsured vehicle is unknown, together with a sworn notarized affidavit by an official of the Department of Public Safety and Corrections to the effect that on the date of the accident in question, neither the owner nor the operator had in effect a policy of automobile liability insurance.

(d) The effect of the prima facie evidence referred to in Subparagraphs (a), (b), and (c) of this Paragraph is to shift the burden of proof from the party or parties alleging the uninsured status of the vehicle in question to their uninsured motorist insurer.

In other words, pursuant to La.R.S. 22:1295(6), Francis had three ways to present a prima facie case that Mason was underinsured, by producing: (1) an affidavit from Mason stating she did not have automobile liability insurance at the time of the accident, (2) an affidavit from the Department of Public Safety and Corrections regarding an inquiry into Mason's insurance, or (3) admissible evidence showing that Mason was a nonresident or noncitizen of Louisiana on the date of the accident.

Francis indisputably did not produce any evidence to satisfy the second or third options. Francis, did, however, attempt to satisfy the first option in presenting an affidavit signed by Mason, which was not admitted into evidence. Francis proffered this affidavit[1] signed by Mason, in which Mason attested to her current address located in St. Martinville, Louisiana and that:

> 3) At the time of the December 30, 2017 crash, I only had a motor vehicle policy of insurance, policy number 0355544496R71019, with liability limits of $15,000 per person and $30,000 per accident, through Garrison Property and Casualty Insurance Company.
>
> 4) At the time of the crash, I had no other automobile or liability insurance applicable or available to me (including excess or umbrella coverage) for this crash.

Safeway argues that the affidavit signed by Mason was not admissible, as Mason did not attest that she did not have automobile liability insurance at the time of the accident. We agree that Mason's affidavit does not meet the requirements of

---

[1] We note that the copy of the affidavit contained in the record is darkened and illegible at times.

4

La.R.S. 22:1295(6), as she does not attest that her insurance limits were exhausted or that she was otherwise uninsured or underinsured.

In addition to the ways set forth in La.R.S. 22:1295(6), "[p]roof may also be sustained by other evidence showing that the offending driver was uninsured." *Bullock v. Com. Union Ins. Co.*, 397 So. 2d 13, 14 (La. Ct. App. 1981). The record does not reveal any evidence that establishes Mason was underinsured. At trial, three people testified: Officer Broderick Payne, who was the officer on scene, Blessen Francis, and Annette Francis, the mother of Blessen Francis. None of these witnesses established that the owner of the other vehicle, Mason, was uninsured or underinsured. Furthermore, Mason did not testify at trial. Francis's attorney stated that she tried to subpoena Mason twice, but she refused service. Francis's attorney did not request a continuance of trial in order to obtain more evidence to satisfy her burden of proof.

Francis attempted to introduce another affidavit into evidence, which the trial court deemed inadmissible. This proffered affidavit was signed by Hector Garza, a litigation manager employed by United Services Automobile Association (USAA). Garza attested that at the time of the accident, there was a policy in effect issued by Garrison to Kaysha Mason. He attested that the policy limits were exhausted by payments made to two other people who also sustained injuries in the December 30, 2017 accident. He attached checks to the affidavit, showing that the checks were issued.

We find that Garza's affidavit is hearsay as defined in La.Code Evid. art. 801. Although Francis claims in her brief that she "presented certified records from the insurance company," Garza's affidavit, with the checks and declarations page attached thereto, does not fall under the hearsay exception for records of regularly

conducted business activity. The business records exception to hearsay, found in La.Code Evid. art. 803(6), includes:

> **Records of regularly conducted business activity.** A memorandum, report, record, or data compilation, in any form, including but not limited to that which is stored by the use of an optical disk imaging system, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if made and kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make and to keep the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. This exception is inapplicable unless the recorded information was furnished to the business either by a person who was routinely acting for the business in reporting the information or in circumstances under which the statement would not be excluded by the hearsay rule. The term "business" as used in this Paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit. Public records and reports which are specifically excluded from the public records exception by Article 803(8)(b) shall not qualify as an exception to the hearsay rule under this Paragraph.

Garza does not attest in his affidavit that he routinely acted for the business, nor that the attached documents were made and kept in the course of a regularly conducted business activity. He also does not claim to be the records custodian or other qualified witness, as required by the article. He merely attests that he is "a litigation manager and in that capacity is familiar with the claims arising from the December 30, 2017 accident . . . and does have personal knowledge that the following facts are true and correct." Garza's affidavit also does not fall under the enumerated sections of La.R.S. 22:1295(6). Therefore, we find no error in the trial court's finding that Garza's affidavit was hearsay and inadmissible.

Under La.Code Civ.P. art. 1672(B), a party may move for an involuntary dismissal following the plaintiff's close of evidence:

In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

Because the admissible evidence at trial failed to establish that Mason was uninsured or underinsured, Mason has not shown a right to relief against Safeway. Therefore, we affirm the trial court's granting of Safeway's involuntary dismissal.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Appellant, Blessen Francis.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.