SAMUEL, Judge.
These are motions filed by the defendants-appellees to dismiss an appeal and, alternatively, to set aside our order remanding the matter to the trial court for the purpose of completing the record by retaking certain testimony.
The suit is against plaintiff’s employer and the latter’s insurer for workmen’s compensation benefits. After trial there was judgment, on November 3, 1965, in favor of the defendants, dismissing plaintiff’s demands at his cost. Plaintiff appealed from that judgment. The record lodged in this court was and is incomplete in that it does not contain a transcript of the testimony of three medical witnesses who appeared at the trial. As reflected by *78 his reasons for judgment, that testimony was relied on by the trial judge in deciding the case. The absence of the testimony is due solely to the fault of the court reporter.
In this court the matter was posted for hearing on two occasions and continued both times because the record was incomplete. Efforts were made to have the missing testimony transcribed and placed in the record. Following the second continuance, and after discussions with opposing counsel and with the trial judge which convinced us the court reporter is now unable to provide a transcript of the missing testimony and the only way the record can be completed is to again take the testimony of the three medical witnesses who, fortunately, are available, we remanded solely for the purpose of again taking the testimony of those witnesses, placing a transcript of that testimony in the record, and returning the same to this court.
The motion to dismiss the appeal is based on the contention that appellant made no attempt to obtain a proper preparation of the record. While we are satisfied the contention is incorrect factually, even if true it could not result in dismissal of the appeal.
Under LSA-C.C.P. Art. 2161 an appeal cannot be dismissed because of any irregularity, error or defect unless the same is imputable to the appellant. And LSA-C.C.P. Art. 2127 provides it is the duty of the clerk of the trial court, not the duty of the appellant, to prepare the record on appeal and failure of the clerk to prepare and lodge the record, either timely or correctly, cannot prejudice the appeal. In addition, even if the incomplete record was imputable to the appellant, we could not consider the motion to dismiss the appeal because the motion is filed too late. LSA-C.C.P. Art. 2161 further provides an appeal can be dismissed because of irregularity, error or defect imputable to the appellant only if a motion to dismiss on that ground is filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged, whichever is later. Here the last extended return day was September 26, 1969, the record was lodged on September 18, 1969, and the motion to dismiss was filed February 9, 1972.
The motion to set aside the remand is based on the contentions that “such a remand is not provided for in the Code of Civil Procedure or in” the rules of this court and the retaking of the medical evidence would substantially prejudice movers because the physicians who testified were defense witnesses and it will be impossible for them now to give the same or similar testimony because of the passage of time. Neither contention has merit.
We find authority to remand in LSA-C.C.P. Art. 2132[1] which provides, inter alia, that a record on appeal which “omits a material part of the trial record” may be corrected by order of the appellate court. Clearly, the missing testimony is a material part of the trial record. And movers’ suggestion that it will be impossible for their physicians to testify because of the passage of time is only speculation. Whether or not those witnesses will recall the facts involved remains to be seen. Any problem resulting from such inability can be resolved when the matter is heard by this court after the record is completed insofar as completion is possible.
The authority to remand is exercisable at our discretion[2] and here we consider the facts and circumstances require a proper completion of the record even *79 though a retaking of testimony is necessary to accomplish that end. Any other procedure would have the effect of depriving appellant of his appeal.
For the foregoing reasons, the motions to dismiss the appeal and, alternatively, to set aside our order of remand are denied.
Motions denied.

. Even in the absence of LSA-C.C.P. Art. 2132, it appears we could remand here under our constitutional supervisory authority over the trial court. See LSA-Const. Art. 7, §§ 29 (as amended in 1958) and 2; Tate, Supervisory Powers of Louisiana Courts of Appeal, 38 Tul.L. Rev. 429, 430 (1963-64).

. See Tate, Supervisory Powers of Louisiana Courts of Appeal, supra, note 1.