LOTTINGER, Judge.
Judgment was signed in this matter in the Lower Court, as a result of a tort action, on June 15, 1972 in favor of the defendants. A motion for a new trial was filed by the plaintiff and same was denied on July 18, 1972. On said date the plaintiff obtained an order of a devolutive appeal and same was returnable to this Court on September 15, 1972. In due course, the plaintiff-appellant filed an appeal bond on September 14, 1972. Several extensions of time were granted to the Clerk of the Lower Court in which to file the transcript of appeal in this case.
The defendants-appellees have filed a Motion to Dismiss the Appeal grounded on the fact that the record has never been lodged in this Court and that the return date has not been extended to this date.
The plaintiff-appellant opposes the dismissal and asks that the same be remanded to the Lower Court for retrial. He further contends that the Trial Judge discovered that the mechanical recording of the testimony and the stenographic recording of the testimony has been misplaced. He further contends that the Trial Judge and Clerk of Court have concluded that the said records of the testimony are lost and that the said loss is not imputable to appellant. He likewise attaches to said motion to remand a certificate which is as follows :
“I, Mrs. Gladys C. Hearne, Deputy Clerk of Court, Nineteenth Judicial District Court, certify that I was the Court Reporter who mechanically and steno-graphically recorded the testimony in the case of ‘Noble v. Randall N. Fussell, et al.,’ Number 137,349, Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, on the 14th day of June, 1972.
Neither the mechanical recording nor stenographic recording of the trial case can be found. They are believed to have been lost during the move of the Civil Division of the Nineteenth Judicial District Court from the East Baton Rouge Parish Courthouse to the present Civil Courts building.”
It is apparent from the above that the Clerk of the Lower Court will be unable to prepare a transcript of testimony as the matter now stands. There can be no question but that the loss is not imputable to the appellant. It is not his fault that the Clerk cannot complete the transcript.
We are of the opinion that LSA-C.C.P. Art. 2161 governs this situation, which provides as follows:
“An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on ap *501 peal is lodged in the appellate court, whichever is later.”
See also Myles v. Procon, Inc., 259 So.2d 77 (La.App. 4th Cir.) 1972.
For the above and foregoing reasons, the Motion to Dismiss the appeal is hereby denied and the Motion of appellant, that this matter be remanded to the Lower Court for retrial in order to establish a record upon which an appeal can be had, is hereby granted. All costs of this matter to be held in suspense until the final determination of this case.
Motion to dismiss appeal denied.
Motion to remand granted.