PER CURIAM.
 

 | aThis appeal arises from a petition filed by Adrienne Wood against Omni Bank and Tom Tappan, Omni Bank’s employee. Adrienne Wood seeks to recover insurance proceeds which she alleges she lost as a result of Omni Bank, through Mr. Tappan, breaching its fiduciary and contractual duty to protect her interest in the insurance proceeds. Appellant, Adrienne Wood, assigns error from the trial court’s judgment rendered on April 28, 2010, granting appellees’, Omni Bank and Mr. Tappan’s, exception of no cause of action.
 

 On July 9, 2008, Adrienne Wood, filed her petition for damages in the 24th Judicial District Court against Omni Bank and Mr. Tappan. On November 13, 2008, the defendants filed peremptory exceptions of no right of action, no cause of action, and prescription which were overruled on Feb
 
 *474
 
 ruary 11, 2009. Thereafter, on March 24, 2009, the defendants answered the petition, raised various affirmative defenses, and made a third-party demand against Glen Wood and Woody’s Collision Specialists. On May 22, 2009, the third-party defendants filed an exception of no cause of action which was heard on September 8, 2009. On ^September 21, 2009, the trial judge rendered and maintained the third-party defendants’ exception and dismissed them from the litigation.
 

 At the September 8th hearing, the district court, Omni Bank, and Mr. Tappan heard, for the first time, that pursuant to a consent judgment, the Wood’s entered into a partial partition of their community property whereby Adrienne Wood received the current value of the property involved in this litigation. Upon learning this, Omni Bank and Mr. Tappan asked the district court whether it would reconsider their exception of no cause of action against Adrienne Wood. The court stated that it was willing to do so based upon the information that it now had. Thereafter, on January 22, 2010, Omni Bank and Mr. Tappan filed a second peremptory exception of no cause of action against Adrienne Wood. The court heard Omni Bank and Mr. Tappan’s second exception of no cause of action on April 21, 2010. It rendered judgment on this exception on April 28, 2010, maintaining the exception and dismissing Omni Bank and Mr. Tappan from the litigation. Adrienne Wood appealed.
 

 DISCUSSION
 

 A peremptory exception that has been filed after the answer, but at or prior to the trial of the case, shall be tried and disposed of either in advance of or on the trial of the case. La. C.C.P. art. 929. Here, the defendants’ second peremptory exception of no cause of action was filed on January 22, 2010, and was properly disposed of prior to trial on April 28, 2010.
 

 Although Omni Bank and Mr. Tappan’s reurged exception was properly heard on April 21, 2010, the transcript from this hearing was not made part of the appellate record. In this case, the parties designated the appellate record in accordance with Uniform Rules, Courts of Appeal, Rule 2-1.17 which provides that the parties may designate, in writing, portions of the record to constitute the 14record in a Court of Appeal. While the designated record contains the transcripts and evidence introduced at the September 8th and February 10th hearings, the transcript of the April 21st hearing that resulted in the trial court judgment from which the appellant assigns error is not part of the designated record.
 

 A Court of Appeal is a court of record, which must limit its review to evidence in the record before it.
 
 Hoover v. Farber,
 
 05-613, pp. 3-1 (La.App. 5 cir. 1/31/06), 922 So.2d 637, 638
 
 citing
 
 LSA-C.C.P. art. 2164 (citations omitted). Further, an appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence.
 
 White Haute, LLC v. Mayo,
 
 09-955, pp. 9-10 (La.App. 5 Cir. 3/23/10), 38 So.3d 944, 950.
 

 In order for this Court to properly address appellant’s assignments of error, a thorough review of the transcript of the April 21st hearing, along with any evidence introduced at the hearing is necessary. La. C.C.P. art. 2161 provides that an appeal shall not be dismissed when the trial record is missing, incomplete, or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record.
 
 Guillie v. State Dept. of Transp. and Develop.,
 
 (La.App. 5 Cir.1989), 538 So.2d 1144, 1146. In order to ensure an accurate record and thorough review, we find it necessary to remand this case to the trial court and order a supplemented record.
 

 
 *475
 
 DECREE
 

 For the reasons set forth above, this case is remanded to the trial court for a supplemental record to add the transcript from April 21, 2010, hearing along with any evidence introduced at the hearing at the appellant’s cost.
 

 In the event that the record is supplemented on remand, the appeal will be re-docketed on the next available docket upon the lodging of the necessary supplemented record.
 

 REMANDED TO THE TRIAL COURT WITH INSTRUCTIONS