STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-733

CHAD MICHAEL TREMIE

VERSUS

CHRISTA GAIL LEJEUNE TREMIE

**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NO. 2010-4203
HONORABLE LILYNN A. CUTRER, DISTRICT JUDGE
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and J. David Painter, Judges.

REMANDED.

John E. Fitz-Gerald
Law Offices of John E. Fitz-Gerald
One Lakeshore Drive, Suite 1230
Lake Charles, LA 70629
(337) 494-1200
**ATTORNEYS FOR PLAINTIFF/APPELLANT**
   Chad Michael Tremie

Brad Guillory
940 Ryan Street
Lake Charles, LA 70601
(337) 433-5297
**ATTORNEY FOR DEFENDANT/APPELLEE**
   Christa Gail Tremie

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

Chad Michael Tremie (hereafter Chad) and Christa Gail Lejeune Tremie (hereafter Christa) were married on September 11, 1999. Three children were born of their marriage: Christopher Michael, born on January 26, 2000; Addy Mil, born on February 18, 2002; and Elizabeth Kate, born on July 22, 2003.

Chad filed for divorce on August 16, 2010, and the parties were divorced by judgment dated November 4, 2011. The parties filed a Joint Stipulation wherein they agreed to share joint custody, with Christa named as domiciliary parent, subject to specified visitation for Chad. It was also agreed that Chad would pay Christa child support in the amount of $1,200.00 per month. The parties further agreed that beginning in 2010, Christa would have the state and federal income tax dependency exemption for Christopher and Chad would have the same for Addy. They also agreed the exemptions for Elizabeth would be alternated.

On May 9, 2012, Chad filed a Rule for Contempt, Change of Custody and Modification of Visitation. On May 23, 2012, Christa filed her own Rule for Contempt and a Rule to Increase Child Support. Through mediation, Chad and Christa were able to resolve all issues, except for Christa's request for an increase in child support.

A trial on the child support increase request was held on October 29, 2013, after which the trial court ordered Chad to produce various items previously requested to help determine his true income. The trial court noted Chad is self-employed. It was acknowledged that, along with paying himself $1,000.00 per week, Chad often would pay personal expenses out of his business account. After trial on the merits was concluded, the trial court determined it would need certain documents which Chad failed to produce to determine his true income and ultimately, the appropriate award for child support. The trial court ordered these

documents produced and took the matter under advisement. After reviewing the evidence and testimony adduced at trial, as well as the additional information produced by Chad, the trial court rendered written reasons for judgment on March 28, 2014.

Christa was awarded child support in the amount of $1,619.00 per month from May 23, 2012 until December 31, 2012, and then $1,615.00 per month beginning January 1, 2013. The trial court also determined medical expenses of the children not covered by insurance would be paid 69% by Chad and 31% by Christa. The state and federal tax dependency exemptions were maintained as previously determined. Costs of the proceedings were assessed against Chad. This appeal followed, wherein Chad alleges the trial court's judgment is contrary to the law and evidence and should be reversed.

## ANALYSIS

In his first assignment of error, Chad contends the trial court erred in failing to submit the post-trial credit card statements, personal and business cancelled checks, and 2012 tax returns into the record of these proceedings. Chad asserts this court cannot properly conduct an appellate review of the trial court's decision without these documents, which were relied upon by the trial court in reaching its judgment.

The trial court's written reasons for judgment clearly indicate its reliance on certain documents submitted to the trial court by Chad, following the trial on the merits:

> The trial was held on October 29, 2013, after which the Court ordered Chad to produce various items. Despite previous requests for information, Chad had continued to fail to produce the information. The Court ordered those items produced in order to accurately determine his child support obligation. After receiving the additional information submitted, the Court took the matter under advisement to review all of the evidence and now renders the following written reasons for judgment.

3

. . . .

The challenges with accurately computing Chad's child support obligation up until trial were due to Chad's failure to produce documents ordered to be produced. Chad testified that he is paid $1,000 a week from the business. In addition, he acknowledges that he pays personal expenses out of his business account. However, he did not produce the documents necessary to determine his true income until the Court ordered those items produced at the conclusion of trial. The Court ordered him to produce his American Express Statements for 2012-2013, the 2012 cancelled checks for his personal and business accounts and a copy of the documents that he gave to his CPA for his 2012 taxes (or his return if it was completed).

It is clear the trial court's judgment increasing Chad's child support obligation was based, at least in part, on the post-trial submissions of the documents listed above. However, the record submitted to this court does not include those documents. In his assignments of error, Chad asserts the trial court erred, not only in failing to submit these documents into the record, but also in its use and interpretation of the documents.[1]

In order to determine whether a trial court's interpretation and ultimate conclusions regarding the evidence is correct or reasonable, the evidence must be available to the reviewing court. Louisiana Code of Civil Procedure Article 2132 allows the correction of an appellate record which omits a material part of the trial record; however, that article does not permit introduction of new evidence after the transcript of the appeal is filed in the appellate court. *Sutton v. Montegut*, 544 So.2d 1181 (La.App. 5 Cir. 1989) (on rehearing). Further, a court of appeal has no jurisdiction to receive new evidence. *Bullock v. Commercial Union Ins. Co.*, 397 So.2d 13 (La.App. 3 Cir. 1981); *Sutton*, 544 So.2d 1181. Pursuant to La.Code Civ.P. art. 2161, we cannot dismiss an appeal because the trial court record is missing, incomplete, or in error, no matter who is responsible; however, we can remand the case for retrial or for correction of the record. *Bamma Leasing Co.*,

---

[1] Chad asserts the trial court erred in "incorrectly calculating [his] income" and in "failing to identify with specificity which certain expenses, either from the American Express statements or the cancelled checks submitted post-trial, which the trial court used to calculate income for years 2012 and 2013."

*Inc. v. State*, 556 So.2d 149, 151 (La.App. 5th Cir. 1990). In this case, the record cannot be corrected to include the missing exhibits, because neither party properly moved the exhibits into the record before the trial court. Accordingly, this matter will be remanded to the trial court for a retrial.

## DECREE

For the foregoing reasons, this matter is remanded to the trial court for retrial.

**REMANDED.**