JUDGE SANDRA CABRINA JENKINS
| iRoyal Thomas, Jr. appeals the trial court’s September 1, 2015 judgment awarding Swenja Heinemann Thomas[1] $1,280.00 in final periodic spousal support. For the reasons that follow, we remand this matter for the sole purpose of correcting the record on appeal.
FACTUAL AND PROCEDURAL BACKGROUND
Mr. Thomas and Ms. Thomas were married on December 22, 2011. On January 23, *98 2014, Mr. Thomas filed a petition for divorce. On May 6, 2014, Ms. Thomas filed a motion seeking permanent spousal support. After a hearing on August 12, 2014, the trial court signed a judgment on September 1, 2015 ordering Mr. Thomas to pay final periodic spousal support to Ms. Thomas in the sum of $1,280.00 per month. Mr. Thomas timely appealed the judgment.
On appeal, Mr. Thomas argues that Ms. Thomas failed to prove that she was free from fault under La. C.C. art. 112(A). He also argues that the trial court erred in awarding sums for final periodic spousal support that included attorney’s fees, child care, travel expenses, and immigration costs. Mr. Thomas also contends | ¡.that the trial court erred by miscalculating his monthly income as part of its finding that he could afford to pay final spousal support.
DISCUSSION
Under La. C.C. art. 112(A), “[w]hen a spouse has not been at fault and is in need of support, based on the needs of that party and the ability of the other party to pay, that spouse may be awarded final periodic support in accordance with Paragraph B of this Article.” Under Paragraph B, two of the relevant factors to be considered by the court in determining the amount and duration of final support are “[t]he income and means of the parties, including the liquidity of such means,” and “[t]he financial obligations of the parties.” La. C.C. art. 112(B).
At the trial of this matter, the court admitted into evidence the following exhibits relating to the parties’ incomes and expenses: (1) documents supporting Ms. Thomas’s income and expenses (Exhibit ST-1); (2) “Retiree Account Statement” for Mr. Thomas (Exhibit ST-2); and (3) “Civilian Leave and Earnings Statement” for Mr. Thomas (Exhibit ST-3).[2] The trial court also admitted an email from Mr. Thomas to Ms. Thomas that related to the issue of fault (Exhibit SW-4).
Correction of the Record Under La. C.C.P. arts. 2161 and 2132
This appeal was lodged on June 7, 2016. On August 9, 2016, counsel for Mr. Thomas filed a “Motion to Supplement.” In the motion, Mr. Thomas requested that the appellate record be supplemented with “a series of exhibits that were introduced at the hearing on this matter.” According to Mr. Thomas, the |adocuments “were allowed to be removed from the hearing,” and “were not filed with the [Civil District Court] clerk.” Mr. Thomas further stated in his Motion to Supplement that “[tjhese documents have been provided to this court by the Orleans Civil District Court.”
On August 16, 2016, this court granted Mr. Thomas’s Motion to Supplement. The Clerk of Court’s Office, however, has no record of having received the trial exhibits from the clerk of the Civil District Court. “An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record.” La. C.C.P. art. 2161. Under La. C.C.P. art. 2132, “[a] record on appeal which ... omits a material part of the trial record[ ] may be corrected even after the record is *99 transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court.” In order for this court to properly address Mr. Thomas’s arguments regarding the trial court’s award of final periodic spousal support to Ms. Thomas, we must review the exhibits introduced at trial. Pursuant to La. C.C.P. arts. 2161 and 2132, therefore, we will remand this matter for the limited purpose of correcting the record.
Finally, Mr. Thomas filed a motion to strike all portions of Ms. Thomas’s brief that refer to court proceedings, rulings, or judgments not admitted or a part of these proceedings, including but not limited to a petition for and judgment of divorce between the parties. We deny Mr. Thomas’s motion to strike.
CONCLUSION
For the foregoing reasons, we remand this matter and instruct the trial court to correct the record to include the following exhibits that were admitted at trial:
14ST-1—Documents supporting income and expenses of Mr. Thomas
ST-2—“Retiree Account Statement” for Mr. Thomas
ST-3—“Civilian Leave and Earnings Statement” for Mr. Thomas
SW-4—E-mail from Mr. Thomas to Ms. Thomas
When the record is corrected on remand, this appeal will be re-docketed on the next available docket upon the lodging of the necessary supplemental record. Wood v. Omni Bancshares, Inc., 10-216, p. 4 (La.App. 5 Cir. 10/29/10), 69 So.3d 473, 475. We deny Mr. Thomas’s motion to strike.
REMANDED WITH INSTRUCTIONS
MCKAY, C.J., DISSENTS

. Ms. Thomas’s name was misspelled "Hiene-mann” in the caption of the pleadings.

. Although counsel for Mr. Thomas offered a "Statement of Income and Expenses” for Mr. Thomas, the trial transcript shows that the court did not formally admit it into evidence. That exhibit, therefore, cannot be considered by us on appeal. Cozzy Spot, LLC v. City of New Orleans, 16-0529, p. 2 (La.App. 4 Cir. 1/11/17), 209 So.3d 224, 227, 2017 WL 167578, *4.