Andrew A. Lemmon, Scott J. Falgoust, LEMMON LAW FIRM, 15058 River Road, Hahnville, LA 70057, David T. Wissbroecker, Maxwell R. Huffman, ROBBINS GELLER RUDMAN & DOWD, LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101-8498, COUNSEL FOR PLAINTIFFS/APPELLANTS
Steven W. Usdin, BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, LLC, 909 Poydras Street, 24th Floor, New Orleans, LA 70112, Robert B. Bieck, Jr., Mark A. Cunningham, Alexander N. Breckinridge, V, Thomas E. Slattery, JONES WALKER LLP, 201 St. Charles Ave., 49 Floor, New Orleans, LA 70170, Edward J. Castaing, Jr., Edward J. Lilly, CRULL CASTAING & LILLY, 601 Poydras Street, Suite 2323, New Orleans, LA 70130 Pamela S. Palmer, Pro Hac Vice, PEPPER HAMILTON LLP, 350 South Grand Avenue, Two California Plaza, Suite 3400, Los Angeles, CA 90071-3427, COUNSEL FOR DEFENDANT/APPELLEE
th
Judge Edwin A. Lombard *457 Plaintiffs/Appellants, Philip Rosen and Alex Rodgers, seek review of the Amended Judgment rendered by the district court on August 14, 2017, which granted the respective motions for summary judgment of the Appellees, Mr. Stewart and Stewart Enterprises, Inc. ("STEI"), John B. Elstrott, Alden J. McDonald, Jr., Thomas M. Kitchen, Ashton J. Ryan, Jr., Ronald H. Patron and John K. Saer. For the reasons that follow, we remand this case to the district court for completion of the record.
INCOMPLETE RECORD
When the record was lodged in this Court, it is unclear whether the documents attached in support of the Plaintiffs/Appellants' "Omnibus Memorandum of Law in Opposition to Defendants' Motions for Summary Judgment," specifically the documents tabbed 1-51 attached to the Affidavit of Maxwell R. Huffman, were included in the record. These were documents that were filed in the Civil District Court on or about June 15, 2016 in CDC Case No. 2013-05636 c/w 2013-05887.[1]
On October 4, 2018, this Court ordered the Civil District Court to produce the above-referenced tabbed documents. However, the Civil District Court is unable to comply. Therefore, pursuant to La. Code Civ. Proc. art. 2161,[2] which mandates that an appeal is not be dismissed because of an incomplete record, we remand this case to the district court for completion of the record.
REMANDED WITH INSTRUCTIONS
It appears that Plaintiffs/Appellants fax filed their opposition, but did not fax file the 51 tabbed attachments at issue.
La. Code Civ. Proc. art. 2161, states in pertinent part, "An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record."