PINNACLE POLYMERS, LLC

VERSUS

ST. JOHN THE BAPTIST PARISH SALES
AND USE TAX OFFICE

NO. 19-CA-310

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE BOARD OF TAX APPEAL
STATE OF LOUISIANA
NO. L00357
HONORABLE CADE R. COLE, JUDGE PRESIDING

September 24, 2019

**PER CURIAM**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Robert A. Chaisson

**REMANDED WITH INSTRUCTIONS**
 **FHW**
 **JGG**
 **RAC**

**WICKER, J.**

In this case concerning sales tax paid under protest, appellant, Pinnacle Polymers, L.L.C., seeks a remand for retrial due to an incomplete transcript of its Board of Tax Appeals hearing. Appellee, St. John the Baptist Parish, Sales, and Use Tax Office, requests a partial retrial of the expert witness whose full testimony was not recorded at the hearing.

FACTS AND PROCEDURAL HISTORY

On April 3, 2017, appellant, Pinnacle Polymers, L.L.C. ("Taxpayer") filed a Petition for Refund of Tax Payment under Protest. On September 20, 2018 a trial on the merits occurred before the State of Louisiana Board of Tax Appeals ("Board"). The Tax Judge in his judgment of January 8, 2019 (amended on April 1, 2019) found in favor of Appellee, St. John the Baptist Parish, Sales and Use Tax Office ("Collector"), as to the remaining amount of sales taxes paid under protest and any applicable interest, penalties, and costs thereon totaling $1,467,994.81.[1] Taxpayer filed an appeal of the judgment on April 26, 2019, which was granted on April 30, 2019. After a review of the record lodged on July 2, 2019, Taxpayer discovered that a portion of the trial testimony was not transcribed and filed a Motion to Direct Board of Tax Appeals to Supply Missing Trial Testimony for Inclusion in the Record on July 11, 2019.[2]

On August 20, 2019, the Board informed this Court that the complete transcript for this hearing is not available. As neither party requested a stenographer in this proceeding, the Board recorded the hearing to a centralized system which uploads to a cloud and an external hard drive in accordance with its longstanding practice.[3] The system contains an error warning light that is supposed to alert the courtroom deputy who listens to the live audio during the

---

[1] The Board also found in favor of Taxpayer in regards to the sales tax paid on the purchases of water and stipulated services.

[2] This Court granted the motion and ordered the Board to supplement the record with the missing trial testimony within thirty days on July 16, 2019.

[3] La. R.S. 47:1416 provides for the order of a stenographer upon the request of any party or upon the court's own motion, otherwise hearings will recorded and transcribed pursuant to regulation or rule of the board.

proceeding with a headset. During the September 20, 2018 hearing, the system showed signs of malfunctioning and the system was rebooted. However, the system failed to alert to an earlier malfunction between 2:31:14 p.m. and 3:38:58 p.m. The portion of the unrecorded proceeding includes parts of the testimony of Taxpayer's expert, Dr. Douglas Klendworth, including the latter half of his cross-examination by Collector's counsel, questioning by the Board, and the redirect by Taxpayer's counsel.[4] The early part of Collector's expert Dr. Brian Goodall's testimony, containing his qualifications as an expert, is also missing.

Taxpayer filed a Motion to Remand for Retrial Based on Missing Trial Testimony and to Stay Proceeding or Extend Briefing Schedule While Motion is Under Consideration on September 4, 2019. Taxpayer requests a full rehearing, claiming that the one hour of unavailable expert witness testimony was critical for purposes of appeal as it concerned the central matter at issue in this proceeding.[5] In response, Collector filed a Motion to Remand for Partial Retrial on Missing Trial Testimony and to Stay Proceeding or Extend Briefing Schedule While Motion is Under Consideration. Collector requests that the retrial be limited to the cross-examination, Board's questioning, and redirect of Dr. Klendworth. Collector states the missing testimony of their expert witness was only the beginning of his qualifications which are contained on his C.V. which was filed into the record as Exhibit D9.

DISCUSSION

In our opinion the appropriate course of action in this case is a remand for the limited purpose of rehearing and transcribing the testimony of the witness whose prior testimony is now unavailable. An appellate court is a court of record,

---

[4] Taxpayer's rebuttal examination of Dr. Klendworth was recorded and is part of the record.
[5] Taxpayer cites this Court's previous cases in support of the request for a retrial. Those cases did not specify when a retrial is favorable over a limited rehearing. *Guillie v. State Dept. of Transp. and Dev.*, 88-805 (La. App. 5 Cir. 2/15/89), 538 So.2d 1144, 1146 (remanded for either a retrial or correction of the incomplete record pursuant to La. C.C.P. arts. 2132 and 2161). *Wood v. Omni Bancshares, Inc.*, 10-216, 10-567 (La. App. 5 Cir. 10/29/10), 69 So.3d 473 (remanded to the trial court for a supplemental record to add to the transcript).

which must limit its review to evidence in the record before it without receiving new evidence. *Hoover v. Farber*, 05–613 (La. App. 5th Cir. 1/31/06), 922 So.2d 637, 638; *White Haute, LLC v. Mayo*, 09–955 (La. App. 5th Cir. 3/23/10), 38 So.3d 944, 950. An appeal shall not be dismissed because the trial record is missing or incomplete, and the court may remand the case either for retrial or for correction of the record. La. C.C.P. art. 2161. Other courts have dismissed concerns about fairness and potential changes as speculative. Furthermore, the trial court judge who was present during the first trial would be in the best position to deal with objections regarding substantial changes in the testimony.

Although La. C.C.P. art. 2131 allows parties to stipulate to a written and signed narrative of the facts when testimony was not recorded, or to apply to the trial court to make a written narrative of the facts if they are unable to agree, this practice has been found to be inappropriate where testimony was recorded but has become unavailable. *Harper v. Harper*, 107 So.2d 704 (La. 1958). La. Code Civ. Proc. art. 2132 states that "A record on appeal which . . . omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court."

In this case, the parties may be able to agree on a stipulation of facts for submission to this Court in lieu of the transcript of the omitted testimony. *See Middleton v. Pleasant,* 285 So.2d 895, 896 (La. App. 3rd Cir. 1974). Taxpayer filed a post-hearing brief on October 19, 2018 and Collector filed a post-trial memorandum on October 23, 2018. These briefs summarize each party's arguments and the supporting expert testimony. The trial court may be able to correct the missing testimony as its judgment of January 8, 2019 included twelve

pages of written reasons for judgment referencing the testimony of Dr. Klendworth and Dr. Goodall.

If the parties are unable to reach a stipulation and the trial court is unable to correct the record to the satisfaction of the parties, the appropriate procedure is the retaking of the unrecorded testimony. Previously appellate courts have tended to remand for the limited purpose of rehearing and transcribing the testimony of witnesses whose prior testimony has not been recorded. *Kay v. Home Indem, Co.*, (La. App. 3rd Cir. 1974); *Grosch v. DeBautte*, 228 So.2d 692, 693 (La. App. 4th Cir. 1969) (the court noted disliking placing appellees in the position of having to retry a portion of the case but appellants are entitled to a review of the judgment and the unavailability was not their fault).

Taxpayer's request for a trial *de novo* is denied, as that remedy is more appropriate only when the entire transcript is unavailable. *Willis v. Gulf Bldg. Services of Baton Rouge, Inc.*, 372 So.2d 635 (La. App. 1st Cir. 1979). *See La. Prac. Civ. App. S6:28* Lost or unavailable trial transcript. We remand this matter solely for the purpose of retaking testimony of the original witnesses. The trial judge may render no further judgment as to the merits of this case. *Middleton*, 290 So.2d at 896. Unlike the cases cited by Taxpayer, this record is capable of being corrected by recalling witnesses. All of the testimony introducing the exhibits, as well as the exhibits, are included in the record before this Court. *See Hover v. Farber,* 05-613 (La. App. 5th Cir. 1/31/06), 922 So.2d 637-638; *Tremie v. Tremie*, 14-733 (La. App. 3rd Cir. 12/17/14), 154 So.3d 796. Any issues with witness inability to give the same or similar testimony may be resolved after the record is completed. *Myles v. Procon, Inc.*, 259 So.2d 77, 78 (La. App. 4th Cir. 1972).[6]

---

[6] The Fourth Circuit responded to the appellees' opposition to remand for the purpose of retaking the testimony of three medical witnesses by stating that La. C.C.P. Art. 2131 provides the appellate court with authority to order correction of a record, as well as their constitutional supervisory authority over the trial court under La. Const. Art. 7. *Myles v. Procon, Inc.*, 259 So.2d at 78.

4

CONCLUSION

For the reasons assigned, we deny the motion of appellant, Pinnacle Polymers, L.L.C. seeking a remand for retrial and grant the motion of appellee, St. John the Baptist Parish, Sales, and Use Tax Office. We remand this case to the trial court for the limited purpose of correcting the incomplete record, either by stipulation of the parties pursuant to La. C.C.P. art. 2131 or by retaking the missing testimony of the expert witness Dr. Klendworth. We shall leave the decision of whether a material portion of Dr. Goodall's testimony was omitted such that the retaking of his testimony is required to the discretion of the trial court. We also order a stay in this proceeding until the record is corrected and completed.

Upon receipt of the supplemental transcript, this Court will set briefing deadlines and docket the case to a panel of judges.

**REMANDED WITH INSTRUCTIONS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

MARY E. LEGNON
INTERIM CLERK OF COURT

CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**SEPTEMBER 24, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_____
MARY E. LEGNON
INTERIM CLERK OF COURT

# 19-CA-310

**E-NOTIFIED**
BOARD OF TAX APPEAL (CLERK)
ROBERT J. BURVANT (APPELLANT)          RUSSELL J. STUTES, JR. (APPELLEE)

**MAILED**
HONORABLE CADE R. COLE (DISTRICT          J. GRANT COLEMAN (APPELLANT)          RUSSELL J. STUTES, III (APPELLEE)
JUDGE)                                     BRIAN A. CLARK (APPELLANT)           ATTORNEY AT LAW
STATE OF LOUISIANA, BOARD OF TAX          TIMOTHY S. MADDEN (APPELLANT)         600 BROAD STREET
APPEALS                                    ATTORNEY AT LAW                       LAKE CHARLES, LA 70601
POST OFFICE BOX 3217                       201 ST. CHARLES AVENUE
BATON ROUGE, LA 70821                      SUITE 4500
                                           NEW ORLEANS, LA 70170