SUCCESSION OF LONEY
LANDRY

\*     NO. 2020-CA-0398

\*

COURT OF APPEAL

\*

FOURTH CIRCUIT

\*

STATE OF LOUISIANA

\* \* \* \* \* \* \*

CONSOLIDATED WITH:

SUCCESSION OF LONEY
LANDRY

CONSOLIDATED WITH:

NO. 2020-CA-0399

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-01186, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*
(Court composed of Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge
Tiffany G. Chase)

David Belfield, III
Attorney at Law
2513 Acacia Street
New Orleans, LA 70122

    COUNSEL FOR PLAINTIFF/APPELLEE

Michael G. Bagneris
BAGNERIS PIEKSEN & ASSOCIATES, LLC
935 Gravier Street
Suite 2110
New Orleans, LA 70112

    COUNSEL FOR PLAINTIFF/APPELLANT

        **REMANDED WITH INSTRUCTIONS**

**MARCH 31, 2021**

*SCJ*
*RML*
*TGC*

This appeal arises from the trial court's February 24, 2020 judgment invalidating the Last Will and Testament executed by Loney Landry ("Mr. Landry") on September 26, 2017, on the grounds that Mr. Landry lacked the mental capacity to execute a last will and testament. For the reasons that follow, we remand this matter for the sole purpose of correcting the record on appeal.

## PROCEDURAL AND FACTUAL BACKGROUND

On February 19, 2016, Mr. Landry executed a Last Will and Testament (the "2016 Will") in which he bequeathed all of his estate to his daughter, appellee Vanessa Marie Landry ("Ms. Landry"). Mr. Landry also named Ms. Landry as the independent executrix of his estate.

On September 26, 2017, Mr. Landry executed a second Last Will and Testament (the "2017 Will") in which he bequeathed to Ms. Landry ownership of funds deposited in a bank account at Capital One. Mr. Landry bequeathed the remainder of his estate to his nephew, appellant Sandy Williams ("Mr. Williams"), and named Mr. Williams as the independent executor of his estate.

1

On October 12, 2017, Mr. Landry passed away. On February 6, 2018, Mr. Williams filed a Petition to open the succession of Mr. Landry, and to name Mr. Williams as the executor. On that date, Ms. Landry filed a "Petition to Record, File and Execute Notarial Testament, for the Possession of Succession Property with Administration, and for Confirmation of Independent Executor." On April 10, 2018, the trial court entered an Order probating the 2016 Will, and naming Ms. Landry as the independent executor of Mr. Landry's succession.

On February 26, 2019, Mr. Williams filed a "Motion in Opposition to Ex Parte Testament and to Request a Contradictory Hearing." Mr. Williams argued that Mr. Landry was of sound mind when he executed the 2017 Will, which superseded Mr. Landry's 2016 Will. Mr. Williams requested that, after a contradictory hearing pursuant to La. C.C.P. art. 2091, the trial court vacate its April 10, 2018 Order probating the 2016 Will and naming Ms. Landry as the executrix.

On January 22, 2020 and February 24, 2020, the trial court conducted a contradictory hearing on Mr. Williams' motion objecting to the 2016 Will. On February 24, 2020, the trial court signed a Judgment denying Mr. Williams' motion in opposition to the ex parte testament. The trial court also ruled that the 2016 Will was the last legally valid testament executed by Mr. Landry.

Mr. Williams timely appealed.

## DISCUSSION

On appeal, Mr. Williams' sole argument is that the trial court erred in finding that Ms. Landry had overcome the presumption of testamentary capacity by clear and convincing evidence.

2

Capacity to make a valid donation mortis causa must exist at the time the testator executes the testament. La. C.C. art. 1471. To have capacity to make a donation mortis causa, the person must be able to comprehend generally the nature and consequences of the disposition that he is making. La. C.C. art. 1477. There is a presumption in favor of testamentary capacity, and the validity of a testament should be upheld whenever possible. *Succession of Holzenthal*, 12-0211, p. 10 (La. App. 4 Cir. 9/26/12), 101 So.3d 81, 88. The party alleging incapacity has the burden of proving the lack of capacity at the time the will was executed by clear and convincing evidence to the contrary. *Id.* The "clear and convincing" standard requires a party to prove the existence of a contested fact is highly probable, or much more probable than its non-existence. *Id.* Comment (f) to La. C.C. art. 1477 provides, in part:

> Cases involving challenges to capacity are fact-intensive. The courts will look both to objective and subjective indicia. Illness, old age, delusions, sedation, etc. may not establish lack of capacity but may be important evidentiary factors. If illness has impaired the donor's mind and rendered him unable to understand, then that evidentiary fact will establish that he does not have donative capacity. . . . Clearly, no quick litmus paper test exists to apply to the evaluation of mental capacity in all cases.

Many sources of evidence are to be considered when evaluating a testator's capacity. *Succession of Holzenthal*, 12-0211, p. 11, 101 So.3d at 88. In cases involving challenges to testamentary capacity, courts will look to the medical evidence that is available, such as medical records. *Succession of Holzenthal*, 12-0211, p. 10-11, 101 So.3d at 88. Here, the record on appeal does not include Mr. Landry's medical records, which were introduced and admitted at the contradictory hearing on Mr. Landry's testamentary capacity.

3

"An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record." La. C.C.P. art. 2161. Under La. C.C.P. art. 2132, "[a] record on appeal which . . . omits a material part of the trial record [] may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court."

In order for this court to properly address the argument that Mr. Landry lacked the testamentary capacity to execute a last will and testament, we must review Mr. Landry's medical records, which were introduced at trial, and relied upon by the trial court in rendering its decision. Pursuant to La. C.C.P. arts. 2161 and 2132, therefore, we will remand this matter for the limited purpose of correcting the record. *See Thomas v. Thomas*, 16-0570, p. 3 (La. App. 4 Cir. 3/15/17), 214 So.3d 97, 99; *Moulton v. Stewart Enterprises, Inc.*, 18-0178, pp. 1-2 (La. App. 4 Cir. 11/28/18), 259 So.3d 456, 457. When the record is corrected on remand, this appeal will be re-docketed on the next available docket upon the lodging of the necessary supplemental record. *Thomas*, 16-0570, p. 4, 214 So.3d at 99.

## CONCLUSION

For the foregoing reasons, we remand this matter for the limited purpose of correcting the record.

## REMANDED WITH INSTRUCTIONS