# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-98


**WILLIAM JOSEPH MCPHERSON, JR., ET UX.**

**VERSUS**

**NELSON LAPRAIRIE, ET UX.**


**\*\*\*\*\*\*\*\*\*\***

ON APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 30,016 "A"
HONORABLE KATHY JOHNSON, JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JONATHAN W. PERRY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Candyce G. Perret, Jonathan W. Perry, and Wilbur L. Stiles, Judges.



**REVERSED AND REMANDED.**

V. Russell Purvis
Smith, Taliaferro & Purvis
P. O. Box 298
Jonesville, Louisiana 71343
(318) 339-8526
**COUNSEL FOR APPELLANTS:**
William Joseph McPherson, Jr., Et Ux.

Paul A. Lemke, III
Attorney at Law
P. O. Box 595
Harrisonburg, Louisiana 71340
(318) 744-5431
**COUNSEL FOR APPELLEES**:
Nelson LaPrairie, Et Ux.

**PERRY, Judge.**

This case involving a petition which sought a right of way is before us after the trial court denied the plaintiffs' relief. For the following reasons, without addressing the merits of the case, we reverse the trial court judgment and remand this matter to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On September 22, 2020, William Joseph McPherson and his wife, Karen Duane Saucier McPherson (Plaintiffs), filed a petition for a right of way against Nelson LaPrairie and his wife, Patricia Ann LaPrairie (Defendants). In their petition, Plaintiffs contended that: (1) they owned property adjacent to Defendants which is separated from a public road by Defendants' lands in Catahoula Parish; (2) a road adjoining Plaintiffs' property to Larto Bayou Road that leads through Defendants' property had been in use for many years to reach Plaintiffs' property but Defendants recently gated the road, depriving Plaintiffs of access to their property, and have refused them access from their property to the public road, Larto Bayou Road; (3) this access road had been used by Plaintiffs or their predecessors in title for over thirty years; (4) under the provisions of La.Civ.Code art. 742, the right of way has been acquired under acquisitive prescription; or (5) in the alternative, if the right of way has not been acquired under acquisitive prescription, Plaintiffs were nonetheless entitled to a servitude of passage under the provisions of La.Civ.Code art. 689.

Shortly thereafter, Defendants filed an answer denying Plaintiffs' petition and further asserted that the Plaintiffs have access to their property by direct access to the Parish public road, Tradewell, a/k/a Moody Road, in Catahoula Parish and by the parish public road named Noel Lane.

The case proceeded to a bench trial, which was heard on January 10, 2022, and January 14, 2022. At the conclusion of testimony, the court minutes reflect the following statement:

> The Court reserves the right to go to the property with the Parties and see it for herself. The Parties are to get the costs of a survey and each are [sic] to place half of the cost into the registry of the Court. [Counsel for Defendants] objected to this. The Parties are to get the distance of the road to travel from Moody Road to Noel Lane to Larto Bayou Road, plus the four (4) digit road number. Both parties are to prepare briefs.

On May 12, 2022, the court minutes reflect the following statement: "This matter came to [be] heard this date for CONTINUATION OF TRIAL. Plaintiffs were not present in open Court represented by counsel, Russell Purvis. Defendants were not present in open Court represented by counsel, Paul Lemke."

The next action in the case occurred on August 22, 2022. On that date, the court minutes state:

> This matter came to be heard this date for STATUS CONFERENCE. Russell Purvis was present in open Court representing the Plaintiffs. Paul Lemke was present in open Court representing the Defendants. Pursuant to chambers conference, evidentiary objection was cured and will be reduced to a written order. The Court was informed that a stipulated agreement had been reached and was read into the record by Mr. Lemke. Joint exhibit will be submitted.[1] Transcript was ordered by the Court and a copy of the minutes are to be given to the Court Reporter. Parties are each to submit briefs. Mr. Lemke will have thirty (30) [days] to file his brief[] after Mr. Purvis' is filed.

On October 11, 2022, the Plaintiffs filed their post-trial memorandum. Later, on October 21, 2022, Defendants made three contemporaneous filings: (1) a peremptory exception of no right of action with a memorandum together with an attachment; (2) a peremptory exception of nonjoinder of a party under La.Code

---

[1] Our review of the transcript and the appellate briefs sheds no light on the character or content of that proposed joint exhibit. Furthermore, our review of the transcript fails to show that the stipulated agreement was read into the record. We also have found that the joint exhibit that was referenced has not been placed in the record.

2

Civ.P. art. 641 with a supporting memorandum; and (3) a post-trial memorandum. On October 24, 2022, the trial court, considering the Defendants' filing of the two peremptory exceptions, ordered the Plaintiffs to show cause on December 1, 2022, why the peremptory exceptions should not be maintained and why this action should not be dismissed with prejudice.

On November 23, 2022, the Plaintiffs filed a rebuttal post-trial memorandum. In that filing, the Plaintiffs addressed the Defendants' arguments about the merits of the Plaintiffs' case, as well as Defendants' newly filed peremptory exceptions.

After receiving the post-trial filings, the trial court held a hearing on December 1, 2022. At that time, without addressing the rule to show cause hearing to deal with the Defendants' two peremptory exceptions, the trial court, said:

> The first matter on the docket is William Joseph McPherson, Jr., et al versus Nelson LaPrairie, et ux., 30016. And I have made a ruling in that matter. Mr. McPherson and his wife have sued Mr. LaPrairie and his wife for a right-of-way, and The Court finds that the McPhersons have ample property, and they also have access [to] Noel Lane and Tradewell Road, so their request is denied, and they're cast with court costs.

After the trial court's announcement of its ruling on the merits, the parties further stipulated to the following: (1) the deed dated November 21, 2021, attached to the Defendants' peremptory exception of no right of action would be entered into the record; and (2) the trial court was asked not to rule on Defendants' two peremptory exceptions, stating "since both of these exceptions can be filed in the Court of Appeals, we can address those on appeal[.]" The trial court agreed with those stipulations.

On December 12, 2022, the trial court signed a judgment finding in favor of the Defendants, rejecting the Plaintiffs' request to grant a servitude of passage across

3

the Defendants' property. Subsequently, on January 9, 2023, the trial court granted the Plaintiffs' motion for devolutive appeal.

**ANALYSIS**

Although the Plaintiffs have perfected two assignments of error, we omit any discussion of them for reasons detailed below.

To determine whether a trial court judgment regarding the evidence is correct or reasonable, the evidence must be available to the reviewing court. *Tremie v. Tremie*, 14-733 (La.App. 3 Cir. 12/17/14), 154 So.3d 796. Under the provisions of La.Code Civ.P. art. 2132, an appellate record which omits a material part of the trial record "may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court." Moreover, pursuant to La.Code Civ.P. art. 2161, this court may remand the case for retrial or for correction of the record. *Tremie*, 154 So.3d 796.

In the present case, although the Civil Jurisdiction Index indicates that the trial exhibits are bound with the record, numerous exhibits have not been included in the record. Thus, we are faced with record deficiencies that impact our ability to assess the arguments raised by the Defendants' peremptory exceptions and the Plaintiffs' argument regarding the trial court's rejection of their claim for a right of way.

*Defendants' Peremptory Exceptions*

The Defendants' peremptory exception of no right of action is premised on the purported transfer of the subject property made by the Plaintiffs to the McPherson Family Holdings, L.L.C. on December 21, 2021. This transfer allegedly occurred just a few weeks before the trial of the Plaintiffs' action to secure a right of way from the Defendants and the record does not reflect that the Plaintiffs' limited liability company was substituted as a party-plaintiff.

4

Attached to the memorandum in support of the Defendants' peremptory exception was the Plaintiffs' transfer document dated December 21, 2021, where they allegedly transferred the property, which forms the basis for this litigation, to their limited liability company. In support of that contention, Defendants attached a copy of a filing made by William Joseph McPherson, Jr., and Karen S. McPherson made on December 21, 2021, to McPherson Family Holdings, L.L.C. In that document, the Plaintiffs transferred all of "their right, title and interest in and to the property described on Exhibit 'A' attached hereto [], together with all rights and appurtenances now or hereafter in any matter appertaining thereto, including without limiting the generally thereof all buildings, improvements, rights, ways, privileges and servitudes." Unfortunately, Exhibit "A" referenced in the transfer document was not included in the record. Thus, although the property subject to this litigation may have been included in that transfer, without examining Exhibit "A" that fact cannot be ascertained.

Regarding the Defendants' other peremptory exception, nonjoinder of a party under La.Code Civ.P. arts. 641 and 642, reference is made by the Defendants that Plaintiffs are also seeking passage across the lands of Tony and Jennifer Haviland (the Havilands). Thus, the Defendants argue that the Plaintiffs should have included the Havilands as defendants.

Our review of the record shows the following minute entry for Friday, January 14, 2022:

> Due to the unforeseen health emergency, the witness, Ton[y] Haviland, could not be present at the hearing today. The Parties stipulated to what the testimony of Tony Haviland would have been, if he would have been present to testify: (1) Mr. Haviland has been living in the house since 2013, reflected in the donation in exhibit #11; (2) Mr. Haviland built a gate in 2020, reflected in photo in exhibit #4; (3) Pipe gate with a tire that was there when he bought the property and there

5

until 2018, gate shown in photo in exhibit #5, also where the truck is located in the photo is Mr. Haviland's driveway.

Additionally, our review of the record shows the Defendants entered the cash sale deed to the Havilands into evidence as Exhibit D-14. After combing the appellate record, neither the exhibits referenced in the minute entry dated January 14, 2022, nor Exhibit D-14 appear in the record.

Although under La.Code Civ.P. art. 927(B) the peremptory exceptions of no right of action and non-joinder of a party may be noticed and addressed by the appellate court, the evidence relied upon needed to resolve these peremptory exceptions is simply not in the record. Thus, remand to the trial court is required to address these peremptory exceptions.

### The Merits of the Plaintiffs' Appeal

The record shows that the Plaintiffs introduced sixteen exhibits into evidence at trial. Of the sixteen exhibits introduced by the Plaintiffs, we have five available for our review. Although none of these exhibits appear in the appellate record, these five exhibits are labeled and are attached to the Plaintiffs' original brief to this court, and in accordance with Louisiana Court of Appeal, Third Circuit, Local Rule 28. Plaintiffs' counsel certified them as being evidence entered at trial.[2]

Likewise, the record shows that at trial the Defendants entered evidence which consisted of fourteen exhibits—thirteen photos and the Havilands' deed referenced

---

[2] The evidentiary attachments to Plaintiffs' brief are identified as Exhibits P-1, 6, 8, 9, and 10. We have compared these documents to the list of exhibits described in the record and have confirmed that they were entered into evidence at trial. However, an Assessor's map was also attached to the post-trial memorandum the Plaintiffs filed on October 11, 2022. That item, though attached to the Plaintiffs' memorandum in the record, cannot be considered because it was never introduced into evidence. *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88 ("Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record[.]").

above. None of the items of evidence entered by the Defendants are in the record filed with this court.

Without a complete set of evidence filed in the record by Plaintiffs and Defendants, we are unable to determine whether the trial court judgment regarding the evidence is correct or reasonable. Thus, we must remand this case to the trial court.

## REMAND INSTRUCTIONS

Louisiana Code of Civil Procedure Article 928(B) provides that "[t]he peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision[.]"

In the present case, although the trial court heard evidence on two days in January of 2022, it did not yet consider the case submitted for decision. That fact is evident from its comments at the conclusion of the trial when it noted it wanted to visit the property in question and requested evidence from a surveyor to be paid by the litigants. Again, as reflected in the court minutes of May 12, 2022, it referred to the continuation of the trial. That was further amplified on August 22, 2022, when the trial court held a status conference with the respective attorneys, considered a stipulated agreement on an evidentiary matter, and set dates for the parties to present post-trial memoranda.

The record is likewise clear that it was when the Defendants filed their post-trial memorandum on October 21, 2022, that they contemporaneously filed their two peremptory exceptions. In consideration of that filing, the trial court ordered the Plaintiffs to show cause on December 1, 2022, why the peremptory exceptions should not be maintained and why this action should not be dismissed with prejudice.

7

Thus, we find that Defendants filed their peremptory exceptions prior to a submission of the case for a decision.

Considering that finding, La.Code Civ.P. art. 929 provides, in pertinent part:

> If the peremptory exception has been pleaded after the trial of the case, the court may rule thereon at any time unless the party against whom it has been pleaded desires and is entitled to introduce evidence thereon. In [this] event, the peremptory exception shall be tried specially.

In their second memorandum to the trial court dated November 22, 2022, the Plaintiffs, relying on language in the transfer deed, urged that the trial court find there was no merit to Defendants' peremptory exception of no right of action because the right of way to their property was not included in the transfer deed. Accordingly, it appears that Plaintiffs have evidence to present in opposition to Defendants' peremptory exceptions. Thus, La.Code Civ.P. art. 929 is applicable and calls for the trial court to hold a special hearing to address the peremptory exceptions before proceeding to trial on the merits of Plaintiffs' action.

Finally, considering the potential effect that the two peremptory exceptions may have on this litigation, it is necessary that we reverse the judgment of the trial court.

## DECREE

For the foregoing reasons, we reverse the judgment of the trial court and remand this matter to the trial court for further proceedings. The costs of this appeal are assessed one-half each to the litigants.

**REVERSED AND REMANDED.**